UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _435 Merchant Walk Square Ste300-541_
_Charlottesville, VA 22902_

Address of Defendant: _See Complaint_

Place of Accident, Incident or Transaction: _Lehigh County, PA_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _7-7-21_ _____ _____
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _7-7-21_ _____ _____
*(Sign here if applicable)*
*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTOINE POTEAT

435 Merchant Walk Square Ste 300 – 541

Charlottesville, VA 22902

V.

Gerald Lydon

Individually and Official capacity of Pennsylvania State Police

899 Cherry Street Montoursville, PA 17754

Chad Labour

Individually and Official capacity of Pennsylvania State Police

175 Hersheypark Dr, Hershey, PA 17033

Nicholas Goldsmith

Individually and Official capacity of Pennsylvania State Police

2930 Airport Rd, Bethlehem, PA 18017

Justin Julius

Individually and Official capacity of Pennsylvania State Police

8000 Bretz Dr, West Hanover township, PA 17112

Gregory Emery

Individually and Official capacity of Pennsylvania State Police

2930 Airport Road Bethlehem, PA 18107

Brian Konopka

Indiviually and Official capacity of Pennsylvania State Police

2930 Airport Road Bethlehem, PA 18107

Pennsylvania State Police

Indiviually and Official capacity of Pennsylvania State Police

2930 Airport Road Bethlehem, PA 18107

Heather Gallaguer

Indiviually and Official capacity of Lehigh County District Attorney's Office

455 west Hamilton street Allentown, PA 18101

Bethany Zampogna

Individually and Official capacity of Lehigh County District Attorney's Office

455 West Hamilton street Allentown,PA 18101

Joseph Stauffer

Individually and Official capacity of Lehigh County District Attorney's Office

455 west Hamilton Street Allentown, PA 18101

James Martin

Individually and Official capacity of Lehigh County District Attorney's Office

455 west Hamilton street Allentown, PA 18101

Jared Hanna

Individually and Official capacity of Lehigh County District Attorney's Office

455 west Hamilton street Allentown, PA 18101

Edward Ressler

Individually and Official capacity of Lehigh County

455 west hamilton st Allentown, PA 18101
Lehigh County District Attorneys office

Plaintiff Antoine Poteat, Pro Se files this Complaint against the above-listed Defendants for Deprivation of Federal Rights and State Law.

# JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. 1331 AND 1343(A)(3)-(4) AND 42 U.S.C. 1983 AND 42 U.S.C. 1985(3) AND venue is proper.

# INTRODUCTION

This action seeks compensatory and punitive damages against Defendants story of action that violated Plaintiff's constitutional rights under the Fourth, and Fourteenth Amendment and Plaintiffs rights under state law. As a result, Plaintiff suffered loss of his liberty server and permanent injury and suffers from physical and psychological pain and emotional distress.

1. On February 20, 2013, at 1:33 p.m., Plaintiff was pulled over by Defendant Lydon.

2. Defendant told plaintiff that he was pulled over for alleged following too closely behind a tractor trailer.

3. During the traffic stop Defendant Lydon alleged that he smelled an odor of marijuana coming from Plaintiff's vehicle.

4. Defendant Lydon went back to his vehicle to do, a number of things from calling a back unit, along with preparing a warning notice for the alleged traffic violation.

5. When the backup arrived Defendant Labour, K-9 handler and Defendant Goldsmith.

6. That's when Defendant Lydon went back to Plaintiff's vehicle and ordered Plaintiff to get out his vehicle.

7. Defendant Lydon then directed Plaintiff to step in front of his police cruiser to issue the warning.

8. After Defendant Lydon ended the traffic stop by issuing warning ticket.

9. Defendant Lydon verbally informed Plaintiff he was free to leave and the traffic stop was complete.

10. Plaintiff began walking back to his vehicle when he was seized again by Defendant Lydon.

11. Defendant Lydon extended the traffic stop by asking Plaintiff about his whereabouts on the previous day and if, anything illegally possessed was in the vehicle.

12. Plaintiff answered no, then Defendant Lydon asked can he search the vehicle.

13. Plaintiff stated no he didn't have time and would not consent to a search, and he had to use the restroom.

14. Defendant Labour walked around the car and directed Plaintiff to show him and describe items in the vehicle.

15. Defendant Labour then ordered Plaintiff to open the car door and get a bottle of Ensure.

16. The bottle of Ensure Plaintiff retrieved was examined of its contents by Defendant Labour.

17. Defendant Labour then ordered Plaintiff to dispose of it on the side off the highway.

18. Defendant Lydon then tried to intimidate Plaintiff by informing him if he didn't give consent, he will run the dog around the vehicle and search anyway.

19. Plaintiff denied consent again for a second time.

Plaintiff proceeded to assert his rights by telling Defendants Lydon, Labour and Goldsmith that there, actions is illegal.

20. Defendant Lydon directed Plaintiff to step aside for Defendant Labour and K-9 Dano.

21. At 2:10 p.m., Defendant Labour conducted a K-9 search of the vehicle.

22. At the end of numerous laps around the vehicle Plaintiff asked Defendant Lydon can he leave.

23. Defendant Lydon told Plaintiff that Defendant Labour said the K-9 allegedly displayed alert behavior.

24. Defendant Lydon then informed Plaintiff that he was free to go back his car not.

25. Plaintiff asked Defendant Lydon what's next.

26. Defendant Lydon stated he would be applying for a search warrant, and if it was, approved he will be conducting a search of Plaintiff vehicle.

27. Plaintiff asked Defendant Lydon can he take some personal belongings like cell phone, wallet with all personal information and recently brought clothes.

28. Defendants Lydon and Labour stated no everything is evidence.

29. Defendant Lydon then told Plaintiff his vehicle will be towed to the PSP Barracks and asked if he was willing to go.

30. Plaintiff stated he had no other choice.

31. Defendant Goldsmith then proceeded to search and hand cuff Plaintiff and put him in, back of his Patrol vehicle.

32. Plaintiff asked Defendant Goldsmith why, was he being searched.

33. Defendant Goldsmith told Plaintiff it was PSP policy in, order for him to transport Plaintiff.

34. While hand cuffed in Defendant Goldsmith Patrol car.

35. Plaintiff saw Defendant Labour get fully seated inside Plaintiff vehicle and raise the armrest and grab items out and placed them on the passenger seat.

36. Defendant Labour then retrieved the car key out the ignition.

37. Defendant goldsmith proceeded to transport Plaintiff to the PSP Barracks while Defendant Lydon and Labour stayed on the scene.

38. When Defendant Lydon returned to the PSP Barracks, he applied for a search warrant that was deficient in that its description lacked particularity with false and misleading sworn statements for Plaintiff vehicle by application to the Defendant Gallauger.

39. Defendant Gallauger approved of the warrant application, which was deficient in that its description lacked particularity and was overbroad.

40. At 4:35 p.m. Defendants Lydon, obtained a deficient warrant from Magistrate Howells.

41. At 5:05 Defendant Lydon serviced the warrant, and Defendants Labour and Julius assisted.

42. During a systematic search of Plaintiff vehicle a number of items were allegedly seized and placed in PSP Fogelsville Evidence Room.

43. Two clear plastic bags containing suspected cocaine (located in center console under gear shifter panel).

44. Two clear vacuum sealed bags containing suspected marijuana (located in center console under gear shift panel).

45. Receipt from Versace store in Center Valley, Ny dated 2/20/13 (located in center console of vehicle).

46. New York City Parking Ticket #773222540-5 dated 02/18/13 (located in center console).

47. Samsung SCH-U365 Cell Phone (located in center console of vehicle).

48. Black Iphone 5 (located on driver seat).

49. None of Plaintiff other personal property was placed in inventory (No wallet or any of the clothing that Plaintiff traveled with or recently brought based from the receipt dated the same day).

50. On February 26, 2013, Defendant Lydon filed charges against Plaintiff and Defendant Zampogna approved of the filed charges.

51. Defendant Lydon entered on the NCIC extradition code SSO "Surrounding States Only" at the discretion of Defendant Zampogna despite knowing Plaintiff physical address.

52. On February 28, 2013, Honorable Michael Joseph Pochron issued an arrest warrant for Plaintiff.

53. On February 20, 2014, Defendant Emery sent email to Defendant Zampogna and no action was taken.

54. On May 17, 2014 Plaintiff was arrested in Maryland a surrounding sister state to Pennsylvania by Maryland State Police.

55. Plaintiff was informed of charges in Pennsylvania and Virginia.

56. Plaintiff was taken into custody and housed at Harford County Detention Center.

57. Plaintiff was served with extradition papers for Virginia Charges.

58. No formal detainer was put on Plaintiff nor was any extradition proceedings brought by Pennsylvania authorities to bring Plaintiff to Pennsylvania.

59. On May 12, 2014, Plaintiff waived extradition to Virginia.

60. On May 29, 2014, Plaintiff was taken to Virginia by way of extradition.

61. On June 11, 2014, Plaintiff was being held in Pre-Trial custody in Charlottesville Albemarle Regional Jail about to post bail on unrelated charges.

62. After performing a CLEAN/NCIC check of Plaintiff name.

63. Non extraditable pending criminal charges appeared out of Lehigh County, Pennsylvania.

64. Jail staff contacted PSP which stated they will not extradite following with a fax.

65. Jail staff contacted Officer Zambrotta of Albemarle Police Department to help assist.

66. Officer Zambrotta contacted PSP who stated they will not extradite for a non, surrounding state.

67. Then contacted Defendants Zampogna and Stauffer of Lehigh County District Attorney Office who stated they will extradite from Virginia a non, surrounding state.

68. Defendants of Lehigh County District Attorney Office faxed a copy of the criminal complaint to Officer Zambrotta directing him to use as an, detainer to seize Plaintiff.

69. Plaintiff filed a Habeas Corpus in Virginia and Pennsylvania asserting his rights and pleading his innocence.

70. Plaintiff was not returned until July 16, 2014, by way of extradition from Virginia a Non Surrounding State without a warrant.

71. Until June 11, 2014, and after, Plaintiff was stopped numerous times in Virginia and was never held on Pennsylvania Charges until June 11,2014.

72. On July 18, 2014, Plaintiff posted bail and a preliminary hearing was scheduled for August 27, 2014.

73. On August 27, 2014, Plaintiff waived preliminary hearing from the advice of counsel Marc Neff based on prior convictions, in exchange that Defendant Stauffer withdraw the simple possession charge and not to pursue a 7 year mandatory minimum sentence.

74. Which Pennsylvania just deemed before then that mandatory sentences unconstitutional.

75. On September 25, 2014, the Lehigh County District Attorney Office Defendants Stauffer and Martin, withdrawn charges, and by information added charges to enhance the sentencing guidelines.

76. Plaintiff filed Pre-Trial Motions, which were all denied.

77. On August 5, 2015, Defendant Lydon again applied for a search warrant that was overbroad by application.

78. Defendant Stauffer approved of the overbroad search warrant that lack specificity stating, "All user data".

79. On September 21, 2015, after a non – jury trail the Trial Court convicted Plaintiff on all counts and bail was revoked at Defendant Stauffer request.

80. On October 20, 2015, Plaintiff was sentenced to 5-10 year's incarceration.

81. Plaintiff filed a direct appeal to the Pennsylvania Superior Court, which was denied on May 23, 2017.

82. Plaintiff then filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which was denied on October 12, 2017.

83. Plaintiff also filed a timely writ of certiorari to the United States Supreme Court, Pro Se, which was denied on March 19, 2018.

84. On September 21, 2018, Plaintiff filed a Post Conviction Relief Petition.

85. Defendant Stauffer withdrew from the case and Defendant Hanna appeared on the Commonwealth behalf to keep Plaintiff continued unlawful detention.

86. During the hearing for Plaintiff Petition, Lehigh County Detective, Defendant Ressler testified he was in charge of securing criminal defendants for extradition.

87. Defendant Konopka stated that he made several attempts to Defendant Ressler to initiate extradition proceeding via message and fax.

88. Defendant Ressler denied any knowledge of any attempts.

89. On July 8, 2019, Plaintiff Judgement of sentence was vacated and the Judge ordered that the charges be dismissed.

90. On July 9, 2019, Plaintiff was released from SCI – Mahanoy.

### COUNT 1

(Fourth Amendment-Unreasonable Search and Seizure)

91. The allegations contained in paragraphs 1-90 are realleged and incorporated reference herein.

92. Defendants Lydon, Labour, and Goldsmith while acting under color of law and within the scope of their employment illegally search and seized

plaintiff and vehicle without probable cause and without a warrant. Thereby violating Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

93. Defendants Labour, and Goldsmith assisted in the search and seizure without probable cause and did so knowingly and did nothing to stop it.

94. Defendant Lydon presented false and misleading statements and did so knowingly on application approved by Defendant Gallagher.

95. Defendant Julius assisted in the search and seizure of Plaintiff property that was never placed in inventory, which resulted to a loss of personal property, which violates Plaintiff rights.

96. Defendant Gallagher assisted in getting a deficient search warrant granted that was overbroad and lacked specificity and Defendant Zampogna assisted in getting the arrest warrant granted.

97. Defendant Joseph Stauffer assisted in getting a deficient search warrant that was overbroad and lacked specificity.

98. The actions of Defendants Lydon, Labour, Goldsmith, Julius, Gallagher and Stauffer were objectively unreasonable, Plaintiffs Fourth Amendment rights and were done with malicious intent knowing there was no evidence to support the search and seizure and arrest.

99. The actions of Defendants Lydon, Labour, Goldsmith, Julius, Gallagher and Stauffer were malicious in nature, shocking to the conscience and done with willful and reckless disregard for Plaintiff right to liberty and wellbeing.

100.    Defendants Lydon, Labour, Goldsmith, Konopka, Stauffer, Ressler and Hanna violated Plaintiff rights by the continued seizure of unlawful detention.

101.    As such, Defendants Lydon, Labour, Goldsmith, Julius, Konopka, Gallagher, Zampogna, Stauffer Hanna and Ressler are jointly and severally liable to plaintiff in the amount of $900,000 in compensatory damages and $900,000 in punitive damages.

### COUNT 2
### (Malicious Prosecution)

102.    The allegations contained in paragraphs 1-101 are realleged and incorporated by reference herein.

103.    The actions of Defendants Lydon, Labour, Goldsmith, Gallagher, Zampogna, Stauffer, Ressler and Martin were done with malicious intent knowingly that they had committed illegal search and seizure and arrested plaintiff without probable cause through false and misleading statements and charged Plaintiff with a crime they knew Plaintiff did not commit.

104.    The charges against Plaintiff was ultimately Dismissed.

105.    The actions of Defendants Lydon, Labour, Goldsmith, Gallagher, Zampogna, Stauffer, Ressler and Martin as set forth above were objectively unreasonable and constituted a knowing willful abuse of their authority.

106.    As such, Defendants Lydon, Labour Goldsmith, Gallagher, Zampogna, Stauffer, Ressler and Martin are severally liable to Plaintiff in the amount of $1,200,000 in compensatory damages and $1,2000,000 in punitive damages.

### COUNT 3
### (Intentional Infliction of Emotional Distress)
### (Pennsylvania subdivision Tort Claim Act)

107.    The allegations contained in paragraphs 1-106 are realleged and incorporated by reference herein.

108.    The actions of Defendants Lydon, Labour, Goldsmith, Julius, Gallagher, Zampogna, Stauffer and Martin were in malicious in nature, shocking to the conscience and done with willful and reckless disregard for plaintiff right to liberty and wellbeing.

109.    As such defendants Lehigh County, Lydon, Labour, Goldsmith, Julius, Gallagher, Zampogna, Stauffer and Martin are jointly and severally liable to Plaintiff in the amount of $500,000 in damages.

COUNT 4

(FOURTEENTH AMENDMENT)

Due Process, False Imprisonment, Abuse of Process, Equal Protection of laws, Wrongful Conviction, Negligent Training, negligence, Rights to Liberty, and Right to Property

110.    The allegations contained in paragraphs 1-109 are realleged and incorporated by reference herein.

All said name Defendants above violated clearly established federal and state rights under color of law.

111.    As such all defendants are severally liable to Plaintiff in the amount of $7,000,000 in compensatory damages and $7,000,000 in punitive damages.

COUNT 5

(Conspiracy to interfere with civil rights)

112.    The allegations contained in paragraphs 1-111 are realleged and incorporated by reference herein.

113.    All said name Defendants above violated clearly established federal and state rights under the color of law.

114.    As such all name Defendants above are jointly and severally liable to Plaintiff in the amount of $1,950,000 in compensatory damages and $1,950,000 in punitive damages.


### JURY TRIAL DEMAND

Plaintiff Antoine Poteat demands a jury trial on all issues set forth herein.




Respectfully Submitted,

Antoine Poteat

7-7-21