IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE POTEAT, | : | CIVIL ACTION |
| Plaintiff | : | 5:21-CV-3117 |
| v. | : | |
| | : | |
| GERALD LYDON, *et al*., | : | |
| Defendants | : | |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2021, after considering

the Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) of the Defendants, Heather Gallagher, Jared

Hanna, James Martin, Edward Ressler, Joseph Stauffer, and Bethany Zampogna, it is hereby

ORDERED and DECREED that Defendants' Motion is GRANTED and Plaintiff's Complaint is

DISMISSED with prejudice.

BY THE COURT:

_____
Joseph F. Leeson, Jr.,                                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTOINE POTEAT, | : | CIVIL ACTION |
| Plaintiff | : | 5:21-CV-3117 |
| v. | : | |
| | : | |
| GERALD LYDON, *et al*., | : | |
| Defendants | : | Joseph F. Leeson, Jr., Judge |

**DEFENDANTS', HEATHER GALLAGHER, JARED HANNA, JAMES MARTIN, EDWARD RESSLER, JOSEPH STAUFFER AND BETHANY ZAMPOGNA, MOTION TO DISMISS UNDER FED.R.CIV.P. 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants, Heather Gallagher, Jared Hanna, James Martin, Edward Ressler, Joseph Stauffer, and Bethany Zampogna, by and through their attorney, Lisa R. Cipoletti, Chief Deputy District Attorney of Lehigh County, respectfully request that this Court enter an Order granting their Motion to Dismiss, and in support thereof, state as follows:

1. Plaintiff, Antoine Poteat, filed a Complaint under the above caption on July 12, 2021, against multiple defendants from the Pennsylvania State Police and the Lehigh County District Attorney's Office.

2. In that Complaint, Plaintiff asserts claims under 42 U.S.C. §§1983 and 1985(3) claiming violations under the Fourth and Fourteenth Amendments, as well as a claim under the Pennsylvania subdivision Tort Claim Act. <u>Complaint</u>, p.4, 16. Plaintiff asserts a claim under the Fourth Amendment for unreasonable search and seizure against Defendants Lydon, Labour, Goldsmith, Julius, Konopka, Gallagher, Zampogna, Stauffer, Hanna and Ressler. <u>Complaint</u>, Count 1, p.14. He asserts a claim for Malicious Prosecution against Lydon, Labour Goldsmith, Gallagher, Zampogna, Stauffer, Ressler and Martin. <u>Complaint</u>, Count 2, p.16. He asserts a

state law claim of Intentional Infliction of Emotion Distress under the Pennsylvania subdivision Tort Claim Act against Lydon, Labour, Goldsmith, Julius, Gallagher, Zampogna, Stauffer, and Martin. <u>Complaint</u>, Count 3, p.16. He asserts claims under the Fourteenth Amendment (listing Due Process, False Imprisonment, Abuse of Process, Equal Protection of laws, Wrongful Conviction, Negligent Training, Negligence, Rights to Liberty, and Right to Property) against all Defendants. <u>Complaint</u>, Count 4, p.17. Finally, Plaintiff alleged Conspiracy to interfere with civil rights against all Defendants. <u>Complaint</u>, Count 5, p.17.

3. All of the defendants are being sued in their individual and official capacities. <u>Complaint</u>, p.2-3.

4. Plaintiff seeks compensatory and punitive damages. <u>Complaint</u>, pp. 4, 16, 17, 18.

5. Plaintiff has failed to plead viable federal claims against Heather Gallagher, Jared Hanna, James Martin, Edward Ressler, Joseph Stauffer, and Bethany Zampogna. Therefore, it is respectfully requested that the Plaintiff's Complaint against them be dismissed, with prejudice, for the reasons set forth in the accompanying Memorandum of Law.

WHEREFORE, Defendants, Heather Gallagher, Jared Hanna, James Martin, Edward Ressler, Joseph Stauffer, and Bethany Zampogna, respectfully request that this Honorable Court grant their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and enter judgment in favor of them and against Plaintiff.

Respectfully submitted,

/s/   Lisa R. Cipoletti_____
Lisa R. Cipoletti
Chief Deputy District Attorney
PA ID # 78528
455 W. Hamilton Street
Allentown, PA 18101
610) 782-3100
(610) 820-3323 (fax)
Email: lisacipoletti@lehighcounty.org
Attorney for Defendants

Dated:  September 20, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| ANTOINE POTEAT, | | : | CIVIL ACTION |
| | Plaintiff | : | 5:21-CV-3117 |
| | | : | |
| v. | | : | |
| | | : | |
| GERALD LYDON, *et al.*, | | : | |
| | Defendants | : | Joseph F. Leeson, Jr., Judge |

**DEFENDANTS', JAMES MARTIN, HEATHER GALLAGHER, JARED HANNA, EDWARD RESSLER, JOSEPH STAUFFER AND BETHANY ZAMPOGNA MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants, Heather Gallagher, hereinafter, "Gallagher," Jared Hanna, hereinafter, "Hanna," James Martin, hereinafter, "Martin," Edward Ressler, hereinafter, "Ressler," Joseph Stauffer, hereinafter, "Stauffer," and Bethany Zampogna, hereinafter, "Zampogna," (hereinafter, collectively referred to as the "Lehigh County District Attorney's Office Defendants"), by and through their attorney, Lisa R. Cipoletti, Chief Deputy District Attorney of Lehigh County, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted.

I.    **STATEMENT OF FACTS**

Plaintiff, Antoine Poteat, hereinafter, "Plaintiff," filed a complaint on July 12, 2021, asserting claims under 42 U.S.C. §§1983 and 1985(3) claiming violations under the Fourth and Fourteenth Amendments, as well as a state law claim under the Pennsylvania subdivision Torts Claim Act. Complaint, p.4, 16. Plaintiff asserts a claim under the Fourth Amendment for unreasonable search and seizure against Defendants Lydon, Labour, Goldsmith, Julius,

Konopka, Gallagher, Zampogna, Stauffer, Hanna and Ressler. Complaint, Count 1, p.14-16.

He asserts a claim for Malicious Prosecution Lydon, Labour Goldsmith, Gallagher, Zampgona,

Stauffer, Ressler and Martin. Complaint, Count 2, p.16. He asserts a state law claim of

Intentional Infliction of Emotion Distress under the Pennsylvania subdivision Tort Claim Act

against Lydon, Labour, Goldsmith, Julius, Gallagher, Zampogna, Stauffer, and Martin.

Complaint, Count 3, p.16-17. He asserts claims under the Fourteenth Amendment (listing Due

Process, False Imprisonment, Abuse of Process, Equal Protection of laws, Wrongful

Conviction, Negligent Training, Negligence, Rights to Liberty, and Right to Property) against

all Defendants. Complaint, Count 4, p.17. Finally, Plaintiff alleged Conspiracy to Interfere

with civil rights against all Defendants. Complaint, Count 5, p.17-18.

The relevant facts alleged in the Complaint are as follows: Plaintiff was the subject of a

traffic stop on February 20, 2013. Complaint, ¶¶1- 19. A K9 search was conducted on the

vehicle and the K9 alerted on the vehicle. Complaint, ¶21, 23. Plaintiff was taken into custody

and transported to the Pennsylvania State Police Barracks. Complaint, ¶31, 37.

Trooper Lydon applied for a search warrant for the vehicle and it was approved by

Gallagher. Complaint, ¶¶38-39. The search warrant was executed on Plaintiff's vehicle and

cocaine, marijuana, and a few other items were located and placed into PSP's evidence room.

Complaint, 41-49.

On February 26, 2013, criminal charges were filed against Plaintiff that were approved

by Zampogna. Complaint, 50. On February 28, 2013, an arrest warrant was issued for Plaintiff.

Complaint, 52. Plaintiff was incarcerated in other jurisdictions and Zampogna and Stauffer

approved extradition from Virginia. Complaint, 54-67. Plaintiff was extradited to Pennsylvania

on July 16, 2014. Complaint, 70.

On August 27, 2014, Plaintiff waived his preliminary hearing in exchange for a plea bargain negotiated between his attorney and Stauffer.  Complaint, 73.  On September 25, 2014, Stauffer and Martin withdrew and added charges.  Complaint, 75.

On August 5, 2015, Lydon applied for a search warrant that was approved by Stauffer. Complaint, 77-78.  On September 21, 2015, Plaintiff was convicted and bail was revoked at Stauffer's request.  Complaint, 79.  Plaintiff was sentenced to 5 to 10 years in prison. Complaint, 80.

Plaintiff filed appeals and a Post-Conviction Relief, hereinafter, "PCRA," Petition on September 21, 2018. Complaint, 81-84.  Stauffer withdrew from the case and Hanna appeared on behalf of the Commonwealth.  Complaint, 85.  During the hearing on Plaintiff's Petition, testimony was given by Lehigh County Detective Ressler, who was in charge of securing criminal defendants for extradition.  Complaint, 86.  He testified that he had no knowledge of attempts by Konopka to contact him to initiate extradition proceedings.  Complaint, 87-88.

On July 8, 2019, Plaintiff's sentence was vacated and the charges against him were dismissed.  Complaint, 89.  Plaintiff was released on July 9, 2019.  Complaint, 90.

## II.   ARGUMENT

Plaintiff's Complaint against the Lehigh County District Attorney's Office Defendants must be dismissed as he has failed to state viable federal claims under 42 U.S.C. §1983 or 42 U.S.C. §1985 (3), or a viable state law claim under the Pennsylvania subdivision Tort Claim Act.

Plaintiff's Complaint was not filed within the two-year statute of limitations, and therefore, his claims are barred.

3

Plaintiff's claims as to Gallagher, Hanna, Martin, Stauffer, and Zampogna are barred by absolute immunity. His claims against Ressler are barred by qualified immunity.

Any official capacity claims against the Lehigh County District Attorney's Office Defendants should be dismissed because they are not policymakers for Lehigh County.

Plaintiff cannot recover punitive damages against the Lehigh County District Attorney's Office Defendants in their official capacities.

Plaintiff's claim of a violation under the 4th Amendment fails to state a claim upon which relief can be granted. Plaintiff's claim does not sufficiently allege a cause of action but merely asserts legal conclusions with no factual basis tied to the Lehigh County District Attorney's Office Defendants.

Plaintiff's claim for Malicious Prosecution fails to state a claim upon which relief can be granted. Plaintiff's arrest was not a seizure as a consequence of his criminal proceeding. Gallagher and Ressler did not initiate criminal proceedings against Plaintiff, and therefore, are not liable for malicious prosecution. Finally, the criminal proceedings against Plaintiff were initiated with probable cause.

Plaintiff's claim for Intentional Infliction of Emotional Distress fails to state a claim upon which relief can be granted. Plaintiff's Complaint does not allege any extreme and outrageous conduct. He also did not put forth any medical evidence supporting an allegation that he suffered a physical manifestation of his emotional distress.

Plaintiff's 14th Amendment claim fails to state a claim upon which relief can be granted. Plaintiff fails to put forth any factual allegations or lay out the elements of any cause of action. Rather, he lists numerous names of causes of actions with no other allegations.

4

For all of these reasons, Plaintiff's Complaint should be dismissed with prejudice against Gallagher, Hanna, Martin, Ressler, Stauffer and Zampogna.

**STANDARD OF REVIEW**

Under Fed.R.Civ.P. 12(b)(6), a defendant may make a motion for "failure to state a claim upon which relief can be granted."  The United States Supreme Court has held that a complaint may properly be dismissed pursuant to that rule if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Under this standard, the Court must accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir.1985).  The Court is not required to accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> … [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570) (other citations omitted).

*Pro se* complaints should be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106, (1976). However, a *pro se* plaintiff must still plead the essential elements of his or her claims and is not excused from conforming to the standard rules of civil procedure. McNeil v. United States, 508 U.S. 106, 113 (1993).

For purposes of the Motion to Dismiss, the Lehigh County Defendants must accept Plaintiff's allegations as true. However, the Defendants in no way concede that Plaintiff's claims have either legal or factual merit.

Applying the preceding principles to the present case, it is evident that Plaintiff has failed to state any claim upon which relief can be granted. Plaintiff's Complaint is rife with legal conclusions that are unsupported by factual allegations. Plaintiff has failed to adequately plead claims for a 4th Amendment violation, Malicious Prosecution, Intentional Infliction of Emotional Distress, 14th Amendment claims and Conspiracy. For these reasons, the Court should dismiss Plaintiff's Complaint, as it relates to the Lehigh County District Attorney's Office Defendants, with prejudice.[1]

## A. PLAINTIFF'S COMPLAINT ALLEGES NO BASIS FOR THE IMPOSITION OF OFFICIAL CAPACITY LIABILITY AGAINST GALLAGHER, HANNA, MARTIN, RESSLER, STAUFFER, AND ZAMPOGNA.

Plaintiff alleges a claim against Defendants under 42 U.S.C. §1983. That statute is an enabling statute that does not create any substantive rights, but provides a remedy for the

---

[1] Plaintiff has asserted not only federal constitutional claims against the Lehigh County District Attorney's Office Defendants, but also a state law claim. However, in the absence of any supplemental federal claims, the Lehigh County District Attorney's Office Defendants would move the Court to decline to exercise pendent jurisdiction over Plaintiff's state law claim. See Agresta v. Philadelphia, 694 F.Supp. 117 (E.D. Pa. 1988) (refusing to exercise pendent jurisdiction over state law claims after dismissing § 1983 claims against defendants); see also Sambrick v. Norristown, 639 F.Supp. 1351 (E.D. Pa. 1996) (dismissing pendent state law claims against defendant after dismissing federal civil rights claims against defendant).

violation of federal constitutional or statutory rights.  <u>Gruenke v. Seip</u>,  225 F.3d 290, 298 (3d Cir. 2000). Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim for relief under section 1983, a plaintiff must sufficiently allege that (1) persons took actions under color of state law and (2) as a result of those actions, plaintiff was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  <u>West v. Atkins</u>, 487 U.S. 42 (1988). A defendant acts under color of state law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  <u>Id.</u> at 49 (citations omitted).

Plaintiff's Complaint states that he is bringing claims against all of the Lehigh County District Attorney's Office Defendants in their individual and official capacities.  <u>Complaint</u>, pp. 2-3.  While individual capacity suits seek to impose liability upon a defendant for alleged acts personally undertaken by that defendant, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."  <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 690, n.55 (1978).  By suing Defendants in their official capacity, Plaintiff is presumably attempting to assert a municipal liability claim, pursuant to <u>Monell</u>, against Lehigh County.  <u>Id.</u>

Plaintiff's official capacity claims as to the Lehigh County District Attorney's Office Defendants must fail.  Plaintiff cannot bring an official capacity claim against these individuals because they are not policymakers for Lehigh County.

"The Supreme Court has clearly stated that only those municipal officers and employees who have final policymaking authority can subject their municipal employers to §1983 liability." Kis v. County of Schuylkill, 866 F.Supp. 1462, 1479 (E.D.Pa. 1994) (citing Pembaur v. City of Cincinnati, 106 S.Ct. 1292 (1986)).  Whether or not an individual is a policymaker is a question of state law and requires the court to "determine which official has final, unreviewable discretion to make a decision or take an action." Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990).  See also Kis, 866 F.Supp. at 1479.  Only the acts of such a policymaker can subject a municipality to liability pursuant to §1983.

Plaintiff makes no allegations that any of the Lehigh County District Attorney's Office Defendants are policymakers for Lehigh County.  Gallagher, Hanna, Stauffer and Zampogna are Assistant District Attorneys of Lehigh County, and do not have policymaking authority.  See Payson v. Ryan, Civ. A. No. 90-1873, 1992 WL 111341, at *11 (E.D.Pa. May 14, 1992), aff'd, 983 F.2d 1051 (3d Cir. 1992).   As to Martin, municipal liability cannot be premised on the acts of state policymakers.  Monell v. Department of Social Servs., 98 S.Ct. 2018, 2037-38 (1978). A County District Attorney is not a policymaker for the County for purposes of §1983 liability. Williams v. Fedor, 69 F.Supp.2d 649 (M.D.Pa. 1999).  Martin is a state, not a municipal policymaker.  Therefore, his conduct cannot form the basis of a municipal liability claim. McMillian v. Monroe County, 117 S. Ct. 1743 (1997); Williams v. Fedor, 69 F.Supp.2d 649 (M.D. Pa. 1999), aff'd 211 F.3d 1263 (3d Cir. 2000).  Finally, Detective Ressler is not a policymaker for the County, and his conduct cannot form the basis of a municipal liability claim against the County or in his official capacity.  See Credico v. West Goshen Police Department, 2013WL6077168 (E.D.Pa. 2013) (holding that plaintiff's official capacity claims against a

county sheriff and a township detective must be dismissed as they were more appropriately claims against the municipality who employs them).

Because Gallagher, Hanna, Martin, Ressler, Stauffer and Zampogna are not policymakers for Lehigh County, the official capacity claims against them should be dismissed with prejudice.

### B. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES MUST BE DISMISSED AGAINST GALLAGHER, HANNA, MARTIN, RESSLER, STAUFFER, AND ZAMPOGNA

If this Honorable Court does not dismiss Gallagher, Hanna, Martin, Ressler, Stauffer, and Zampogna, in both their individual and official capacities as Defendants, the Court should dismiss Plaintiff's claim for punitive damages against them.  Punitive damages are not available against individuals in official capacity claims.  Agresta v. Good, 797 F.Supp. 399, 410 (E.D.Pa. 1992). Therefore, Plaintiff cannot recover punitive damages against these defendants in an official capacity and his request for punitive damages should be stricken.

### C. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts.

Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007) (citations omitted).

Because state law governs the applicable statute of limitations period for §1983 actions, 42 Pa.C.S.A. §5524 controls.  That statute applies a two-year statute of limitations for personal injury claims.  Therefore, a §1983 claim arising in Pennsylvania has a two-year statute of limitations.

The next question becomes when the statute of limitations started to run or stated differently, when was the accrual date. Accrual occurs when plaintiff has a "complete and present cause of action." Id. At 1095 (citations omitted) (holding that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date); see also, Kirkland v. Morgievich, 2008 WL 5272028 (D.N.J. 2008) (holding that the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages and it accrues even though the full extent of the injury is not then known or predictable; Plaintiff's Fourth Amendment claim for unlawful search and seizure accrued when he was stopped/at the time of the incident because plaintiff was present and thus had knowledge of the alleged injuries).

In Count 1, Plaintiff appears to be claiming a violation of his rights under the 4th Amendment for what he alleges to be two searches based on deficient search warrants and the approval of an arrest warrant and "continued seizure of unlawful detention." Complaint, ¶¶96-101. The statute of limitations accrued when these actions were performed. Gallagher approved a search warrant on February 20, 2013. ¶38-41. Stauffer approved a search warrant sometime before September 21, 2015. ¶78. Zampogna approved charges on February 26, 2013. ¶50. Hanna appeared on behalf of the Commonwealth to address Plaintiff's Post-Conviction Relief Petition and Ressler testified at a hearing on that Petition sometime after September 21, 2018 and before his case was dismissed on July 8, 2019. Complaint, ¶¶84-89. Plaintiff filed his complaint on July 12, 2021, which was not within the two-year statute of limitations with respect to any of the actions attributed to Gallagher, Hanna, Ressler, Stauffer or Zampogna. Therefore, his 4th Amendment claim should be dismissed with prejudice.

In Count 2, Plaintiff is bringing a claim for Malicious Prosecution against all of the District Attorney's Office defendants except Hanna.   Since a malicious prosecution claim cannot proceed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," such a claim does not accrue until the criminal proceedings against the plaintiff are "terminated in the plaintiff's favor."   Daniels v. City of Philadelphia, 296 F.Supp.3d 722, 724 (E.D. 2017), quoting Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Here, Plaintiff's criminal proceedings terminated in his favor on July 8, 2019, when his sentence was vacated and his charges dismissed.   Complaint, ¶89.   Therefore, Plaintiff had two years from this date to file his malicious prosecution claim.   His Complaint was filed on July 12, 2021, more than two years after the statute of limitations began to run.   Therefore, his malicious prosecution claim should be dismissed with prejudice.

In Count 3, Plaintiff is bringing a state law claim of Intentional Infliction of Emotional Distress under the Pennsylvania subdivision Tort Claim Act.   Complaint, pp16-17.   He brings this claim against Gallagher, Martin, Stauffer and Zampogna.

Because the intentional infliction of emotional distress is an intentional tort, under Pennsylvania law, it is also subject to a two-year statute of limitations.   42 Pa.C.S.A. § 5524. Bougher v. University of Pittsburgh, 882 F.2d 74 (3d Cir. 1989).   The statute of limitations bars this claim as well.

Plaintiff does not set forth any facts under this Count.   In the Introduction portion of his Complaint, the only actions alleged to have been committed by Gallagher, Martin, Stauffer, and Zampogna span from February 20, 2013 to September 21, 2015.   Complaint, ¶¶38-41, 67-68, 73, 75, 78-79.   Plaintiff's Complaint was filed on July 12, 2021, more than two years after these

alleged actions occurred.  Therefore, Plaintiff's claim for Intentional Infliction of Emotional Distress should be dismissed with prejudice.

In Count 4, Plaintiff gives a laundry list of causes of actions with no factual allegations in support of these claims.  This Count is brought against all Defendants.  All of the actions attributed to the Lehigh County District Attorney's Office span a time frame ending with Hanna and Ressler being involved with the litigation of Plaintiff's PCRA petition sometime after September 21, 2018 and before his case was dismissed on July 8, 2019.  Complaint, ¶¶84-89. Since his Complaint was not filed until July 12, 2021, and more than two years past the actions alleged to have been committed by all of the Lehigh District Attorney's Office Defendants, his 14th Amendment claims should be dismissed with prejudice.

In Count 5 of his complaint, Plaintiff alleges "Conspiracy to interfere with civil rights." Complaint, p. 17.  This claim is brought against all Defendants.  In the beginning of his complaint, Plaintiff alleges jurisdiction under both 42 U.S.C. §§1983 and 1985(3). §1985(3) claims are subject to the same limitations period, i.e., 2 years.  See Bougher.  The statute of limitations runs from the date of each overt act causing damage to the Plaintiff.  Id.  As argued above, none of the actions attributed to the Lehigh County District Attorney's Office defendants was alleged to have occurred within the statute of limitations.  Therefore, this claim should also be dismissed with prejudice.

Because all of Plaintiff's claims are barred by the statute of limitations, his compliant should be dismissed in its entirety with prejudice.

### D.    PLAINTIFF'S CLAIMS ARE BARRED BY  IMMUNITY

All of Plaintiff's claims against Gallagher, Hanna, Martin, Stauffer and Zampogna are barred by absolute immunity.  A prosecutor enjoys absolute immunity from liability for civil

damages for actions related to prosecution of a criminal case.  Imbler v. Pachtman, 96 S.Ct. 984, 424 U.S. 409 (1976).  Prosecutors are entitled to absolute immunity from suit for all acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution."  Imbler, 96 S.Ct. at 985.  Absolute immunity defeats a lawsuit at the outset.  Id. at 989 n. 13.  See also Seigert v. Gilley, 111 S.Ct. 1789, 1793 (1991) (stating that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit"), reh'g denied, 111 S.Ct. 2920 (1991).

Absolute immunity shields prosecutors from §1983 liability acts associated with their function as an advocate, regardless of motivation.  Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994). In fact, prosecutors are entitled to absolute immunity even where a defendant alleges that he or she was prosecuted in bad faith or for improper purposes.  Imbler, 96 S.Ct. at 993.  "Frequently acting under serious constraints of time and even information, a prosecutor inevitably makes many decisions that could be colorable claims of constitutional deprivation."  Id.  "Defending these decisions, often years later, could impose unique and intolerable burdens upon a prosecutor for hundreds of indictments and trials."  Id.

Plaintiff claims that Gallagher and Stauffer acted unlawfully in assisting in the granting of deficient search warrants.  If Plaintiff is attempting to allege that Gallagher and Stauffer reviewed and approved the search warrants obtained by the police in his criminal matter, they did so as required by the Lehigh Rules of Criminal Procedure.

Lehigh Rule of Criminal Procedure 202 states:

The District Attorney of Lehigh County having filed a certification pursuant to Pa.R.Crim.P. 202, search warrants, in all circumstances, shall not be issued by any judicial officer unless the search warrant application has the approval of an attorney for the Commonwealth prior to filing.

13

A prosecutor is entitled to absolute immunity under these circumstances.  In Latour v. Mccullar, 2016 WL 3999838 (W.D.Pa. 2016), the Court held that the Defendant prosecutor was entitled to absolute immunity for fulfilling his judicially delegated duty to review and approve a search warrant application, as required by a Standing Order.  In making its ruling it relied on Coopshaw v. Figurski, 2008 WL 324103 (E.D. Mich. Feb. 6, 2008).  In Coopshaw, the Court held that the prosecutor in that case was entitled to absolute immunity for fulfilling his judicially delegated duty to review and approve the search warrant where he did so pursuant to a local district court policy requiring law enforcement officers to have the warrant reviewed by a prosecuting attorney.

> "[a]n official is entitled to absolute quasi-judicial immunity when that official acts pursuant to a valid court order because the act of enforcing or executing a court order is intrinsically associated with a judicial proceeding." *Cooper v. Parrish*, 203 F.3d 937, 948 (6th Cir. 2000) (internal quotations omitted).

> "[A]bsolute quasi-judicial immunity is unlike absolute judicial immunity in that it does not derive from the discretionary nature of an official's actions. Rather, it derives from the official's *lack of discretion*: Officials must not be called upon to answer for the legality of decisions [that] they are powerless to control .... Denying these officials absolute immunity for their acts would make them a [lightning] rod for harassing litigation aimed at judicial orders." [*J.P. Silverton Indus. L.P. v. Sohm*, 243 Fed.Appx. 82, 89 (6th Cir. 2007)] (unpublished) (internal citations and quotations omitted) (emphasis in original).

> [Here], the [state] court policy of prosecutorial review of warrant applications effectively commandeers prosecutors to assist the [state] court judge to perform a judicial function—[*i.e.*,] determining whether a warrant should issue. Prosecutors do not have discretion to refuse to follow the [state] court policy. Here, the record demonstrates that [the prosecutor] both "reviewed" and "approved" the warrant request for probable cause and determined that the warrant request was supported by probable cause .... [Because] the [state] court drafted [the prosecutor] to aid in its probable cause determination pursuant to a standing ... court policy, he is shielded by quasi-judicial immunity for that act.

Coopshaw, at 10-11.

In this case, it is an actual Court rule that dictates the review and approval of the search warrants in Lehigh County. Similar to the prosecutors in both Latour and Coopshaw, Gallagher and Stauffer are entitled to absolute immunity.

As to Zampogna, the only acts attributable to her are that she approved of the filed charges, that an extradition code for surrounding states only was entered at her discretion, and that she indicated that the Lehigh County District Attorney's Office would extradite from Virginia. Complaint, ¶¶ 50, 51, 67. As to Martin, the only allegation that includes him is that he withdrew charges and added charges to the information. ¶75. As to Stauffer, he makes the same allegation concerning approving of the extradition from Virginia, the same allegation as Martin as to the adding/withdrawing of charges and also makes the additional allegations that Stauffer withdrew a charge at the preliminary hearing and agreed not to pursue the mandatory minimum and requested that bail be revoked after Plaintiff's trial. Complaint, ¶¶67, 73, 75, 79. As for Hanna, the only allegation that relates to him is that he appeared on behalf of the Commonwealth following Plaintiff's filing his PCRA Petition. Complaint, ¶84.

All of these acts were related to the prosecution of a criminal case and their functions as advocates, and therefore, they are entitled to absolute immunity. Plaintiff's claims relate to the initiation and prosecution of his case by Martin, Stauffer and Zampogna. The filing and preparation of charges are part of the advocate's function and are protected by immunity. Kalina v. Fletcher, 522 U.S. 118, 129 (1997). "The decision to initiate a prosecution is at the core of a prosecutor's judicial role. A prosecutor is absolutely immune when making this decision, even where he acts without a good faith belief that any wrongdoing has occurred." Kulwicki v. Dawson, 969 F.2d 1454, 1463-1464 (3d Cir. 1992). In Kulwicki, plaintiff alleged that the prosecutor directed a police officer to file charges against him because he was his

political rival.  The Court held that, "Dawson's actions are absolutely immune. Dawson was performing a core prosecutorial function in causing Loutzenhiser to file criminal charges against Kulwicki." Kulwicki at 1464.

Based on the above, it is clear that Martin, Stauffer, and Zampogna are entitled to absolute immunity for performing the core prosecutorial function of filing and preparing charges.

Similarly, Stauffer and Zampogna enjoy absolute immunity for their alleged conduct in approving extradition of the Plaintiff from Virginia as their conduct was within their role as advocates in the judicial process.  See Ross v Meagan, 638 F2d 646 (3d Cir. 1981) (holding that the defendant state prosecutors enjoyed absolute immunity from civil liability for their activities intimately associated with the judicial phase of the criminal process arising out of plaintiff's extradition);  Rivera v. Algarin, 350 Fed. Appx. 703 (3d Cir. 2009) (holding that County prosecutor's efforts to initiate extradition proceedings against prisoner were prosecutorial in nature, and, thus, she had prosecutorial immunity arising out of initiation of extradition proceedings).

Stauffer is also entitled to immunity for arguing for the revocation of Plaintiff's bail after trial as prosecutors are absolutely immune from claims challenging their role in advocating for bail.  See Lane v. Jenkins, 2011 WL 6425314, at *3 (E.D. Pa. 2011); Spruill v. Castille,  1992 WL 17465, at *1 (E.D. Pa. 1992).  He is also entitled to absolute immunity for engaging in the plea-bargaining process.  See Lewis v County of Lehigh, 516 F.Supp. 1369 (E.D.Pa. 1981) (holding that defendant district attorneys were entitled to absolute immunity for engaging in plea bargaining as they were exercising their prosecutorial function).

Finally, Hanna is entitled to absolute immunity for advocating in relation to the litigation of Plaintiff's PCRA Petition.

> The Third Circuit held that to be absolutely immune "[a]fter a conviction is obtained, the challenged action must be shown by the prosecutor to be part of the prosecutor's continuing personal involvement as the state's advocate in adversarial post-conviction proceedings." The Proposed Amended Complaint makes no allegations from which the Court can infer that Defendant is the state's advocate in Plaintiff's PCRA proceedings.

Yarris v. Steadman, 160 F.Supp.3d 814, 819 (E.D.Pa. 2016) (citations omitted). Unlike the Complaint in Yarris, this Complaint clearly alleges that after Plaintiff filed his PCRA Petition, "Defendant Hanna appeared on the Commonwealth behalf to keep Plaintiff continued unlawful detention." Complaint, ¶¶84-85 Therefore, as Hanna was acting in his prosecutorial function as the Commonwealth's advocate at the PCRA hearing, he is entitled to absolute immunity.

In Count 3, Plaintiff brings one state law claim against Gallagher, Martin, Stauffer and Zampogna. However, they have official immunity from liability under 42 Pa.C.S.A. §8546 for any state law action. "Official immunity from civil suits applies to government officials, including district attorneys and assistant district attorneys, when said government officials act within the course and scope of their duties." Rouse v. Williams, 2017 WL 3687749 (Pa.Cwlth. 2017) at 3 (citations omitted). "Official immunity is limited to statements and actions which are 'closely related' to the performance of those duties." Id.

For the same reasons argued above, Gallagher, Martin, Stauffer and Zampogna are entitled to immunity on this count as well.

Because Gallagher, Martin, Stauffer and Zampogna are entitled to absolute immunity, all of the claims against them should be dismissed with prejudice.

Ressler is entitled to qualified immunity, since he had no reason to believe that his conduct was unlawful.

There is a two-step inquiry in determining whether an officer is entitled to qualified immunity:

> First, the court must decide whether the facts alleged show the officer's conduct violated a constitutional right. If the facts, when viewed in the light most favorable to the plaintiff, do not show that the officer violated a constitutional right, then plaintiff's § 1983 claim must fail. Second, the court must ask whether the right was clearly established at the time he acted. "Clearly established" in this context means "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Moreover, [as the Court in *Saucier]* noted, "this inquiry ... must be undertaken in light of the specific context of the case, not as a broad general proposition. If a court concludes that an officer's conduct did violate a clearly established constitutional right, then it must deny him the protection afforded by qualified immunity." The Supreme Court has repeatedly stressed the importance of resolving qualified immunity at the earliest stage of the litigation to spare public officials of the burdens of litigation and trial.

Karkut v. Target Corp., 453 F.Supp.2d 874 (E.D.Pa. 2006).

Regarding the first prong, the facts alleged do not show that Ressler's conduct violated a constitutional right.  The only allegations regarding Ressler are as follows:

86.   During the hearing for Plaintiff Petition, Lehigh County Detective, Defendant Ressler testified he was in charge of securing criminal defendants for extradition,

87.  Defendant Konopka stated that he made several attempts to Defendant Ressler to initiate extradition proceeding via message and fax.

88.  Defendant Ressler denied any knowledge of any attempts.

Complaint, p. 14.

None of the facts alleged demonstrate a violation of a constitutional right.  However, even if the Court were to conclude that there was some violation of a constitutional right, Ressler's actions in the light of the facts as he confronted them, were reasonable under all of the circumstances.   Therefore, Ressler is entitled to qualified immunity and all claims against him should be dismissed with prejudice.

Based on all of the reasons set forth above, the Court should dismiss all Counts against the Lehigh County District Attorney's Office Defendant as they are entitled to immunity.

### E. PLAINTIFF'S CLAIM OF A VIOLATION OF THE 4TH AMENDMENT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In Count 1, Plaintiff brings a claim under the "Fourth Amendment – Unreasonable Search and Seizure." Complaint, p.14. He brings this Count against Gallagher, Hanna, Ressler, Stauffer and Zampogna. Complaint, p. 15.

Plaintiff's 4th amendment claim is deficient and should be dismissed. His complaint merely asserts legal conclusions with no factual basis. Plaintiff merely asserts that Gallagher and Stauffer assisted in getting deficient search warrants granted that were overbroad and lacked specificity. As to Zampogna, he merely alleges that she assisted in getting the arrest warrant granted – there is no allegation that this was even deficient in some way. As to Hanna and Ressler, there are no factual allegations but merely a conclusion that Hanna and Ressler violated his rights by the continued seizure of unlawful detention. The only other allegations in the Complaint with respect to Hanna and Ressler are that Hanna represented the Commonwealth at the PCRA hearing and that Ressler testified at that hearing. Complaint, p.14. There is no allegation that any of the Defendants were involved in the actual search that is alleged to be unlawful. And no real allegations of a conspiracy to tie them in with the actions of the Troopers involved.

Furthermore, in order to prevail on a claim under § 1983, Plaintiff must assert that the individual defendant had personal involvement in the alleged wrongs, and liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). In his Complaint, Plaintiff

alleges no facts indicating any personal involvement by the aforementioned Defendants, and therefore, his 4th Amendment claim should be dismissed.[2]

### F.    PLAINTIFF'S 42 U.S.C. §1983 CLAIM FOR MALICIOUS PROSECUTION MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff brings a claim in Count 2 of his Complaint for Malicious Prosecution.  Plaintiff appears to be asserting a claim of Malicious Prosecution for the actions of the Defendants "done with malicious intent knowingly that they had committed illegal search and seizure and arrested plaintiff without probable cause through false and misleading statements and charged plaintiff with a crime they knew Plaintiff did not commit."  ¶103.  The Complaint does not make clear the constitutional basis for the malicious prosecution claim, although the Complaint does make general allegations of violations of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.  Complaint, p.4.  Defendants will proceed to address a Fourth Amendment claim for malicious prosecution since malicious prosecution claims are appropriately brought under the Fourth and not the Fourteenth Amendment.  Albright v. Oliver, 510 U.S. 266 (1994).  This claim is brought against Gallagher, Martin, Ressler, Stauffer and Zampogna.

A constitutional claim for malicious prosecution stems from the Fourth Amendment and redresses the deprivation of liberty accompanying prosecution, not prosecution itself.  Dibella v. Borough of Beechwood, 407 F.3d 599, 603 (3d Cir. 2005).   To prevail on a malicious

---

[2] Despite the insufficiency of the pleadings, plaintiff should not be given the opportunity to replead his claims because Plaintiff's Complaint otherwise lacks merit for the reasons set forth in the Motion to Dismiss and this Memorandum of Law.

prosecution claim under §1983, plaintiff must show (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) defendants initiated the proceeding without probable cause; (4) defendants acted maliciously or for a purpose other than bringing plaintiff to justice; and, (5) defendants deprived plaintiff of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Id, at 601. Plaintiff's claim fails.

### 1. Plaintiff's arrest is not a seizure as a consequence of a legal proceeding

Plaintiff is required to allege that defendants deprived him of liberty consistent with the concept of seizure as a consequence of a legal proceeding. In his actual Malicious Prosecution claim, he does not complain of a deprivation of liberty but rather complains about his search and arrest. The only factual allegations in his Complaint regarding his being in custody were from June 11, 2014 to July 18, 2014, the date he posted bail prior to his preliminary hearing. Complaint, ¶¶61-72.

"Absent any constitutionally significant pretrial restraints on plaintiff's liberty, the weight of federal authority holds that a person may not maintain a § 1983 claim for malicious prosecution based on the pretrial incarceration period." Russoli v. Salisbury Tp., 126 F.Supp.2d 821, 854 (E.D.Pa. 2000) (holding that where the Plaintiffs were not held in jail and had not alleged any constitutionally significant pretrial restraints on their liberty, their claim of malicious prosecution could not be grounded in the Fourth Amendment).

Furthermore, attending court proceedings does not constitute a seizure for purposes of the Fourth Amendment. Dibella, 407 F.3d at 601, 603. Plaintiff did not allege that there were any restrictions on his liberty following the commencement of the criminal proceedings. Therefore, he has not sufficiently alleged a seizure for purposes of a malicious prosecution

claim. Plaintiff's Malicious Prosecution claim should be dismissed against all of the District Attorney's Office Defendants.

### 2. Gallagher and Ressler did not initiate a criminal proceeding against Plaintiff

It is unclear in Plaintiff's complaint to whom he is attributing the initiation of legal proceedings. As to Gallagher, the only action Plaintiff attributes to her is approving a search warrant for his vehicle. Complaint, ¶¶38-39. This was prior to charges being filed against Plaintiff. Complaint. ¶50. Therefore, Gallagher should be dismissed as Plaintiff did not allege that she was involved in the initiation of criminal proceedings against the Plaintiff.

As to Ressler, Plaintiff's only allegations against him are that he testified at the hearing on Plaintiff's Post Conviction Relief Petition, as the Lehigh County Detective in charge of securing criminal defendants for extradition. Complaint, ¶86. Furthermore, generally, it is the prosecutor, not the police officer, who is responsible for **initiating** a **proceeding** against a defendant. "The principal player in carrying out a prosecution—in 'the formal commencement of a criminal proceeding,' —is not police officer but prosecutor." See Albright, 510 U.S. at 279 n.5, 114 S.Ct. 807 (Ginsburg, J. concurring) (citation omitted).

As to Ressler there are no allegations in the Complaint that he initiated criminal proceedings, and as a police officer, he was not responsible for the formal commencement of a criminal proceeding against Plaintiff anyway. Therefore, the malicious prosecution claim as to Defendant Ressler fails on this prong as well.

### 3. Plaintiff's criminal proceeding was initiated with probable cause

Plaintiff's malicious prosecution claim fails because the criminal proceedings were initiated with probable cause. Regardless of who is presumed to have initiated the criminal proceedings, there are insufficient allegations that those criminal proceedings were not based on

probable cause. Plaintiff merely states that the Defendants "arrested plaintiff without probable cause through false and misleading statements and charged Plaintiff with a crime they knew Plaintiff did not commit." Complaint, ¶103. This is merely a legal conclusion that is unsupported. Grubbs v. University of Delaware Police Department, 2016WL1238923 (DE 2016) (holding that where plaintiff alleged defendants did not thoroughly investigate the crimes, consult expert witnesses, or study the evidence before filing the baseless charges against him and that his prosecution was based on an unsubstantiated narrative lacking probable cause and also that the charges were completely and utterly wrong and improper without identifying the misrepresented facts were merely legal conclusions and insufficient to survive a motion to dismiss). See also Gebhart v. Steffen, 574 Fed.Appx. 156, 159 (3d Cir. 2014) (holding that where plaintiff pled that his charges were exaggerated, trumped up and baseless and based on materially misrepresented evidence, and without probable cause, it was insufficient as legal conclusions and could not survive a motion to dismiss). "Naked allegations, without some kind of elaboration, are just more colloquial ways of saying the charges lacked probable cause." Gebhart, at 159.

It is clear that there was probable cause to initiate the proceedings, i.e., that the facts and circumstances within Defendants' knowledge were sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested. Grubbs, at *5. The facts and circumstances within the knowledge of any of the Lehigh County District Attorney's Office Defendants who were personally involved in initiating the criminal proceeding would convince a reasonable person that Plaintiff had committed at least one offense, 35 P.S. §780-113(a)(16). Under his own allegations, Plaintiff was pulled over for a traffic violation, the smell of marijuana was coming from his vehicle, and during a subsequent

search of his vehicle, cocaine and marijuana were found inside.    Complaint, ¶¶2-3, 42-44. Based on these facts, it is clear that there was sufficient information to conclude that Plaintiff had committed the offense of possession a controlled substance.    See    Commonwealth v. Dillion, 236 A.3d 1116 (Pa.Super. 2020) (holding that the Commonwealth's evidence was sufficient to prove that Appellant possessed the drugs in the center console of his vehicle). Therefore, Plaintiff's claim fails because the criminal proceedings against him were initiated with probable cause.

For all of the reasons stated above, Count 2, Malicious Prosecution, should be dismissed against Gallagher, Martin, Ressler, Stauffer and Zampogna.[3]

### G.    PLAINTIFF'S STATE LAW CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff brings Count 3 against Gallagher, Martin, Stauffer and Zampogna.  Plaintiff does not allege any facts under this count or even set out the elements of this cause action.  He merely states that the actions of the named defendants "were malicious in nature, shocking to the conscience and done with willful and reckless disregard for plaintiff right to liberty and well being." Complaint, ¶108.

The only actions alleged in the Complaint that pertain to the Defendants named in this Count are: Gallagher approved a search warrant that was deficient in that its description lacked

---

[3] Despite the insufficiency of the pleadings, plaintiff should not be given the opportunity to replead his claims because Plaintiff's Complaint otherwise lacks merit for the reasons set forth in the Motion to Dismiss and this Memorandum of Law.

particularity and was overbroad; Zampogna approved charges; Stauffer and Zampogna approved extradition from Virginia; Stauffer withdrew a charge at the preliminary hearing and agreed to not pursue a mandatory minimum sentence; Stauffer and Martin withdrew and added charges to enhance the sentencing guidelines; Stauffer approved of an overbroad search warrant that lacked specificity, stating "all user data.;" bail was revoked at Stauffer's request . ¶¶38-41, 50, 67-68, 73, 75, 78-79.

> The Supreme Court of Pennsylvania has stated that to prevail on an intentional-infliction-of-emotional-distress claim, plaintiff "must, at the least, demonstrate intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff."
>
> * * *
>
> Pennsylvania appellate courts define "extreme and outrageous conduct" as conduct "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society."
>
> * * *
>
> In order to state a claim for intentional infliction of emotional distress, plaintiff must suffer some type of resulting physical harm because of the defendants' outrageous conduct. In Pennsylvania, a plaintiff must support the claim of physical harm resulting from emotional distress with competent expert medical evidence.

Kane v. Chester County Dept. of Children, Youth and Families, 10 F.Supp.3d 671, 693-694 (E.D.Pa. 2014) (citations omitted).

Plaintiff's Complaint does not allege any extreme and outrageous conduct. Most of the actions are a mere recitation of what the Defendants did in their prosecutorial roles. Furthermore, the Complaint does not contain any medical evidence supporting an allegation that Plaintiff suffered a physical manifestation of his emotional distress. Therefore, this Count

should be dismissed.  Id. (granting Motion to Dismiss where Complaint failed to allege the requisite resulting physical harm).[4]

### H.    PLAINTIFF'S CLAIMS UNDER THE 14TH AMENDMENT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In Count 4 of Plaintiff's Complaint, he purportedly alleges a claim under the Fourteenth Amendment.  Complaint, p. 17.  However, there are absolutely no factual allegations nor does he lay out the elements of any cause of action.  He merely states that all of the defendants have violated clearly established federal and state rights.  Then he gives a laundry list of causes of action:  Due Process, False Imprisonment, Abuse of Process, Equal Protection of Laws, Wrongful Conviction, Negligent Training, Negligence, Rights to Liberty and Right to Property.

This clearly fails the pleading standard of Ashcroft as it merely provides labels and conclusions and naked assertions devoid of further factual enhancement.  Because of the lack of specificity, the Lehigh County District Attorney's Office Defendants are unable to respond in a meaningful way.

---

[4] Despite the insufficiency of the pleadings, plaintiff should not be given the opportunity to replead his claims because Plaintiff's Complaint otherwise lacks merit for the reasons set forth in the Motion to Dismiss and this Memorandum of Law.

This Count should be dismissed as it fails to state any claim upon which relief could be granted.[5]

## I. PLAINTIFF'S CONSPIRACY CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In Count 5 of his complaint, Plaintiff alleges "Conspiracy to interfere with civil rights." Complaint, p. 17. This claim is brought against all Defendants. In the beginning of his complaint, Plaintiff alleges jurisdiction under both 42 U.S.C. §§1983 and 1985(3).

Plaintiff's Complaint contains no factual allegations as to this Count but merely a conclusory statement that, "All said name Defendants above violated clearly established federal and state rights under the color of law." This is merely a conclusory allegation that does not even assert concerted actions.

> To state a Section 1983 conspiracy claim, a plaintiff must allege: (1) the existence of a conspiracy involving state action; and (2) a depravation of civil rights in furtherance of the conspiracy by a party to the conspiracy.
> As such, a claim for conspiracy pursuant to Section 1983 must specifically allege the "combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." "Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient."

Cash v. Wetzel, 8 F.Supp.3d 644, 662(E.D.Pa. 2014) (citations omitted).

---

[5] Despite the insufficiency of the pleadings, plaintiff should not be given the opportunity to replead his conspiracy claims because plaintiff Complaint otherwise lacks merit for the reasons set forth in the Motion to Dismiss and this Memorandum of Law.

Nowhere in Plaintiff's Complaint does it indicate the combination, agreement or understanding among any of the Defendants or the period of the conspiracy, the object of it or other actions taken by the alleged conspirators.

The mere use of the word "conspiracy" is not sufficient to state a claim. The court in Loftus v. Southeastern Pennsylvania Transportation Authority, 843 F.Supp. 981, 987 (E.D. Pa. 1994), emphasized that,

> [w]hile the pleading standard under Rule 8 [of the Federal Rules of Civil Procedure] is a liberal one, mere incantation of the words "conspiracy"…[do] not talismanically satisfy the Rule's requirements.

Rather, a complaint alleging conspiracy "must contain sufficient information for the court to determine whether or not a valid claim for relief has been stated and to enable the opposing side to prepare an adequate responsive pleading." Rose v. Bartle, 871 F.2d 331, 366 n. 60 (3d Cir. 1989) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1223, at 181). See also Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989) (stating that "to plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose.").

Plaintiff fails to identify specific instances of concerted action that support the allegation of conspiracy and when they allegedly occurred. Indeed, Plaintiff's allegations "do not suggest either an agreement, inter se, or the type of 'communication, consultation, cooperation, or command from which such an agreement can be inferred.'" Loftus, 843 F. Supp. at 987. Rather, Plaintiff relies solely on his conclusory allegations of conspiracy. Plaintiff has not adequately pleaded his conspiracy claim. Accordingly, the Court should dismiss this claim.

If Plaintiff is proceeding under §1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 829 (1983).

Plaintiff has failed to sufficiently allege a conspiracy under this section as well.  "[T]o survive a motion to dismiss, plaintiff must plead facts which support allegations of a conspiracy and of intentional discrimination.  These allegations must include a description of the membership, formulation and purpose of the alleged conspiracy." Armstrong v. School Dist. Of Philadelphia, 597 F.Supp. 1309, 1313 (E.D.Pa. 1984)(citations omitted).

Nowhere in Plaintiff's Complaint does it indicate the scope, duration, membership, timing, or methods of the conspiracy, how, why or when the alleged conspiracy came into existence, who comprised the conspiracy, or what methods they used.  He also fails to allege what actions were taken in furtherance of the conspiracy. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, at 678.  Plaintiff failed to even recite the elements of the cause of action.  It is clear that his allegations do not meet the standards set out in Ashcroft, and therefore, his conspiracy claim must fail.

Therefore, Count 5 should be dismissed as to Gallagher, Hanna, Martin, Ressler, Stauffer and Zampogna.[6]

## III.    CONCLUSION

For all of the above-stated reasons, this Court should dismiss all claims against Heather Gallagher, Jared Hanna, James Martin, Edward Ressler, Joseph Stauffer, and Bethany Zampogna pursuant to Fed.R.Civ.P 12(b)(6).

Wherefore, Defendants, Heather Gallagher, Jared Hanna, James Martin, Edward Ressler, Joseph Stauffer, and Bethany Zampogna, respectfully request that this Court grant their Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted and dismiss Plaintiff's Complaint against them with prejudice.

Respectfully submitted,

/s/   Lisa R. Cipoletti
Lisa R. Cipoletti
Chief Deputy District Attorney
PA ID # 78528
455 W. Hamilton Street
Allentown, PA 18101
610) 782-3100
(610) 820-3323 (fax)
Email: lisacipoletti@lehighcounty.org
Attorney for Defendants

---

[6] Despite the insufficiency of the pleadings, plaintiff should not be given the opportunity to replead his claim because Plaintiff's Complaint otherwise lacks merit for the reasons set forth in the Motion to Dismiss and this Memorandum of Law.

## <u>CERTIFICATE OF SERVICE</u>

I, Lisa R. Cipoletti, Esq. hereby certify that on this date, I have served a true and correct copy of

the Motion to Dismiss and its accompanying Brief through the Court's ECF (Electronic Case

Filing) Procedures.

Notice will be delivered electronically to counsel as listed below:

SARINA M. KAPLAN              skaplan@attorneygeneral.gov

Notice will NOT be delivered electronically to the person(s) listed below.  Notice will be
provided via First Class U.S. Mail, to:

ANTIONE POTEAT
435 Merchant Walk Square
Ste 300-541
Charlottesville, VA 22902

DATE: September 20, 2021

/s/ Lisa R. Cipoletti
Lisa R. Cipoletti
Chief Deputy District Attorney
PA ID # 78528
455 W. Hamilton Street
Allentown, PA 18101
610) 782-3100
(610) 820-3323 (fax)
Email: lisacipoletti@lehighcounty.org