**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**

**CRIMINAL DIVISION**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA )<br>)<br>vs.                                                  )          Case No. 3752/2014<br>)<br>ANTOINE POTEAT,                           )<br>      Defendant                                 ) | |

**ORDER**

NOW, this 2nd day of July, 2019, upon consideration of Defendant's Motion for Post Conviction Collateral Relief, and after hearings on February 15, 2019 and March 7, 2019, and for the reasons expressed in our accompanying Opinion,

**IT IS HEREBY ORDERED** that Defendant's Motion for Post Conviction Collateral Relief is GRANTED, as the Defendant's Rule 600 Claim is meritorious.

**IT IS FURTHER ORDERED** that the Defendant's judgment of sentence is hereby VACATED.

**IT IS FURTHER ORDERED** that the within charges are dismissed.

BY THE COURT:

_____
Maria L. Dantos, J.

FILED
2019 JUL -8 PM 1:12
CLERK OF COURTS
LEHIGH COUNTY, PA

<u>IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA</u>

<u>CRIMINAL DIVISION</u>

COMMONWEALTH OF PENNSYLVANIA )
)
vs. ) Case No. 3752/2014
)
ANTOINE POTEAT, )
    Defendant )

\* \* \* \* \* \* \* \*

APPEARANCES:

    JARED HANNA, ESQUIRE,
    DEPUTY DISTRICT ATTORNEY,
        On behalf of the Commonwealth

    CAROL MARCIANO, ESQUIRE,
    SENIOR PUBLIC DEFENDER,
        On behalf of Defendant

\* \* \* \* \* \* \* \*

<u>OPINION</u>

<u>MARIA L. DANTOS, J.</u>

    Defendant, Antoine Poteat, filed a Post Conviction Collateral Relief Petition on September 21, 2018. The relevant facts are as follows. After a non-jury trial conducted on September 21, 2015, this Court found the Defendant guilty of two (2) counts of Possession With Intent to Deliver a Controlled Substance (one relating to cocaine and one relating to marijuana),[1] and two (2) counts of Possession of a

---

[1]    35 P.S. §780-113(a)(30).

Controlled Substance (one relating to cocaine and one relating to marijuana).[2] Thereafter on October 20, 2015, the Defendant was sentenced to a term of state imprisonment of not less than five (5) years nor more than ten (10) years. Then, the Defendant filed a direct appeal on November 2, 2015. On May 23, 2017, the Superior Court of Pennsylvania affirmed this Court's judgment and sentence. Thereafter, on June 23, 2017, the Defendant filed a petition for allocator with the Supreme Court of Pennsylvania. The Supreme Court of Pennsylvania denied the Defendant's request on October 12, 2017.

Subsequently, on September 21, 2018, the Defendant filed the within Motion for Post Conviction Collateral Relief. Carol Marciano, Esquire, a Senior Public Defender with the Lehigh County Office of the Public Defender, was appointed to represent the Defendant. On November 30, 2018 and January 18, 2019, Attorney Marciano filed an Amended Petition for Post Conviction Collateral Relief and a Second Amended Petition for Post Conviction Collateral Relief, respectively. Therein, the Defendant argues three main issues: (1) that he is entitled to time credit on his Pennsylvania sentence from when he was taken into custody in other jurisdictions on the Commonwealth's warrant after the charges in those jurisdictions were either withdrawn or nolle prossed;[3] (2) counsel failed to challenge that the vehicle search warrant was overbroad or lacked specificity with regard to the items being searched in violation of the Fourth Amendment of the Constitution and/or Article I, Section 8 of the Pennsylvania Constitution; and (3) Defendant was denied his federal and state constitutional rights to due process, a speedy trial, and effective assistance of counsel

---

2    35 P.S. §780-113(a)(16).
3    By agreement of counsel, the Defendant is entitled to time credit from May 17, 2014

when counsel failed to file and litigate a Rule 600 Motion based on the Commonwealth's failure to exercise due diligence in bringing the Defendant to trial within the statutory required timeframe. Hearings were held on the Defendant's Motion for Post Conviction Collateral Relief on February 15, 2019 and March 7, 2019. In light of the evidence produced at these hearings, as well as the record evidence, we make the following findings of fact and address the Defendant's arguments.

In his Motion for Post Conviction Collateral Relief, the Defendant contends that counsel failed to challenge that the vehicle search warrant was overbroad or lacked specificity with regard to the items being searched in violation of the Fourth Amendment of the Constitution and/or Article I, Section 8 of the Pennsylvania Constitution. This argument lacks merit.

Initially, this Court notes that to prevail in a claim of ineffective assistance of counsel, a defendant must overcome the presumption that counsel is effective by establishing all of the following three (3) elements, as set forth in Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975-976 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the defendant suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Dennis, 597 Pa. 159, 950 A.2d 945, 954 (2008). "With regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather we must examine whether counsel's decisions had any reasonable basis." Commonwealth v. Paddy, 609 Pa. 272, 292, 15 A.3d 431, 442 (Pa. 2011). Counsel's chosen strategy shall only be deemed lacking a reasonable basis if the defendant proves that "an alternative not

---

through July 15, 2014.

3

chosen offered a potential for success substantially greater than the course actually pursued." Commonwealth v. Williams, 587 Pa. 304, 899 A.2d 1060, 1064 (2006). "To establish the third, prejudice prong, the defendant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." Paddy, 609 Pa. at 292, 15 A.3d at 442-443.

In the instant case, Gary Asteak, Esquire, private counsel who represented the Defendant from September 8, 2014 through the end of May 2015, reviewed the discovery with the Defendant. Upon his review, Attorney Asteak noted what he believed to be meritorious issues to raise in pretrial motions. Consequently, Attorney Asteak subsequently filed a Motion to Compel and a Motion to Suppress that were ultimately litigated. (D Ex. 12). However, Attorney Asteak, based on his education and training, and with approximately forty-five (45) years of criminal defense experience, did not conclude that filing a challenge to the search warrant of the vehicle as overbroad and lacking specificity would further his client's interests. (D. Ex. 11). Indeed, Attorney Asteak found the search warrant to be sufficiently specific based on the Affidavit of Probable Cause which indicated that the officer detected the odor of marijuana and observed multiple masking agents and cell phones within the vehicle. (D. Ex. 11). Consequently, Attorney Asteak believed that the items sought in the search warrant were specifically related to drug activity, and therefore negated any arguable grounds to object. As Attorney Asteak possessed a reasonable basis for his inaction, this Court cannot find Attorney Asteak ineffective in this regard. Commonwealth v. Thomas, 744 A.2d 713, 717 (Pa. 2000).

Next, the Defendant argues that the Defendant was denied his federal and state constitutional rights to due process, a speedy trial, and effective assistance of

counsel when counsel failed to file and litigate a Pennsylvania Rule of Criminal Procedure Rule 600 Motion based on the Commonwealth's failure to exercise due diligence in bringing the Defendant to trial within the statutory required timeframe. We agree with the Defendant's argument.

Pennsylvania Rule of Criminal Procedure 600 requires that a defendant, who is not incarcerated, be brought to trial within 365 days of the filing of the Complaint. Pa. R.Crim.P. 600(A)(3).[4] The purpose of Rule 600 of the Pennsylvania Rules of Criminal Procedure is to "prevent unnecessary prosecutorial delay in bringing a defendant to trial." Commonwealth v. Colon, 87 A.3d 352, 357 (Pa. Super. 2014). In order to determine if the Commonwealth complied with Rule 600, the trial court must account for "excludable time" (when the delay is caused by the Defendant or his counsel) and "excusable delay" (when the delay occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence). See Pa. R.Crim.P. 600(C); Colon, 87 A.3d at 358. In addition, Rule 600(C) allows time between the filing of the written complaint and the defendant's arrest to be excludable provided that "the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence." Pa. R.Crim.P. 600(C)(1). According to Rule 600, the remedy for failing to hold a defendant's trial within 365 days of the filing of the complaint, in light of all excludable and excusable time, is dismissal of the charges with prejudice. Pa. R.Crim.P. 600(G); Colon, 87 A.3d at 358.

In the within matter, the Pennsylvania State Police filed a Complaint and obtained an arrest warrant for the Defendant on February 28, 2013. (D. Ex. 5): (D. Ex.

---

[4] In the instant case, as the Complaint was filed on February 28, 2013, the applicable version of Rule 600 is the one effective from April 1, 2001 to June 30, 2013. See

6). The Defendant was returned on the arrest warrant on July 16, 2014.[5] (D. Ex. 6). The Defendant asserts that the lapse of 443 days from the filing of the Complaint on February 28, 2014 through May 17, 2014 is a violation of Rule 600, as the Commonwealth failed to diligently locate or apprehend the Defendant after charging him with the crimes in Pennsylvania. This argument has merit. Indeed, in the instant case, the Defendant's whereabouts were not unknown to the authorities. At the time of the vehicle stop on February 20, 2013, the Defendant, Antoine Poteat, provided Trooper Gerald Lydon of the Pennsylvania State Police, Fogelsville Barracks, with his Virginia driver's license. The driver's license indicated that the Defendant resided at 2301 Shelby Drive, Charlottesville, Virginia. This license was determined to be valid by Trooper Lydon, and the address matched the address located in the online database that Trooper Lydon searched. (D. Ex. 2).

In addition, one day after the vehicle stop, Trooper Lydon requested a PaCIC report on the Defendant. (D. Ex. 3). This report included the Defendant's Virginia driver's license which again reflected an address of 2301 Shelby Drive, Charlottesville, Virginia. On February 28, 2013, a Complaint was filed and an arrest warrant was obtained for the Defendant, both of which reflected an address of 2301 Shelby Drive, Charlottesville, Virginia. (D. Ex. 5); (D. Ex. 6). From February 28, 2013, through May 17, 2014, the Pennsylvania State Police did not receive any communication contradicting the information that the Defendant resided at 2301 Shelby Drive, Charlottesville, Virginia. In fact, during the times that the authorities

---

Commonwealth v. Dixon, 140 A.3d 718, 722 n.7 (Pa. Super. 2016).
[5] The Defendant is not challenging the time period from May 17, 2014 (when the Pennsylvania State Police and the Lehigh County District Attorney Office began taking steps to secure the Defendant from Maryland, and eventually from Virginia), until September 21, 2015

checked the databases available to them, the Defendant's address noted was 2301 Shelby Drive, Charlottesville, Virginia. (D. Ex. 7). Additionally, the letter that was mailed to the Defendant at 2301 Shelby Drive, Charlottesville, Virginia, on September 23, 2013, was not returned. (D. Ex. 7).

From the record evidence, it is clear that the Pennsylvania State Police did not take any steps to investigate or determine if the Defendant actually resided at 2301 Shelby Drive, Charlottesville, Virginia. In light of this record evidence, this Court concludes that the Defendant's address cannot be deemed to be unknown.[6] Therefore, this Court finds that the Defendant's speedy trial rights were violated and the Defendant's Motion for Post Conviction Collateral Relief is granted in this regard.

---

(the date of the Defendant's non-jury trial).

[6] As this Court has determined that the Defendant's whereabouts were not unknown, this Court need not address the "due diligence" issue.