UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ANTOINE POTEAT, :
         Plaintiff, :
          :
    v. : No. 5:21-cv-03117
          :
GERALD LYDON, *et al.*, :
         Defendants. :
_____

**O P I N I O N**
**Defendants' Motions to Dismiss, ECF Nos. 40 and 41 – Granted**

**Joseph F. Leeson, Jr.**                                                                          **May 20, 2022**
**United States District Judge**

I.     **INTRODUCTION**

        This matter involves claims arising under 42 U.S.C. § 1983 brought by pro se Plaintiff Antoine Poteat against more than a dozen Defendants, many of whom are employed by either the Pennsylvania State Police or the Lehigh County District Attorney's Office. In his Amended Complaint, Poteat raises several tort and constitutional claims for relief. Poteat further alleges that Defendants conspired to violate his rights. Defendants now move to dismiss the Amended Complaint in its entirety.

        Following a review of the Amended Complaint and the Defendants' motions to dismiss, this Court grants both motions and dismisses the Amended Complaint with prejudice.

## II.  BACKGROUND

The background is taken, in large part, from allegations in Poteat's Amended Complaint. *See* Am. Compl., ECF No. 39.[1] On February 20, 2013, Poteat was pulled over by Defendant Gerald Lydon. *See id.* ¶ 7. During the traffic stop, Lydon alleges that he smelled marijuana coming from Poteat's vehicle. *See id.* Thereafter, two officers arrived with a K-9, and they asked Poteat to step out of his vehicle. *See id.* Poteat alleges that Lydon issued Poteat a warning for the traffic violation and informed Poteat that he was free to leave. *See id.* Thereafter, Poteat alleges that Lydon then asked Poteat if anything illegal was in the vehicle. *See id.* Poteat denied having anything illegal in the car and did not consent to a search. *See id.* Poteat continued to refuse a search of the vehicle, so the officers walked the K-9 around the vehicle. *See id.* Lydon told Poteat that the K-9 alerted on the vehicle, and Lydon indicated that he would be applying for a search warrant for Poteat's vehicle. *See id.* Poteat agreed to go to the Pennsylvania State Police barracks where his vehicle would be towed. *See id.* While in the back of the police car, Poteat alleges that he saw one of the officers enter his vehicle and move items from the armrest to the passenger seat. *See id.*

Once at the barracks, Lydon applied for a search warrant that was approved by a magistrate judge. *See id.* ¶ 8. That evening, Lydon and other officers searched the vehicle and seized two plastic bags of suspected cocaine and two bags of suspected marijuana, among other items. *See id.* As a result, on February 26, 2013, Lydon filed charges against Poteat. *See id.* While processing Poteat, Lydon included the extradition code "SSO" or "Surrounding States Only," despite knowing Poteat's address. *See id.* Pursuant to an arrest warrant, Poteat was

---

[1]  It appears that Poteat's "Statement of Fact" in his Amended Complaint was copied, verbatim, from this Court's Opinion dismissing his initial Complaint. *Compare* Am. Compl. ¶¶ 7-13, *with* Op. 1/7/22 at 2-4, ECF No. 29.

arrested on May 27, 2014 in Maryland. *See id.* Poteat was taken into custody at the Harford County Detention Center and served extradition papers for charges in Virginia. *See id.* However, Poteat alleges that no detainer nor extradition proceedings were brought by Pennsylvania authorities to bring Poteat to Pennsylvania. *See id.*

On May 29, 2014, Poteat was extradited to Virginia. *See id.* ¶ 9. While the facts that follow are unclear, it appears from the Amended Complaint that there was disagreement over whether Poteat would be extradited to Pennsylvania for the charges stemming from February 2013. *See id.* Eventually, on July 16, 2014, Poteat was extradited to Pennsylvania. *See id.*

On August 5, 2015, relating to Poteat's Pennsylvania charges, Poteat alleges that Lydon again applied for a search warrant, but Poteat does not indicate what that warrant related to. *See id.* ¶ 10. On September 21, 2015, Poteat was convicted on all counts in a non-jury trial. *See id.* On October 10, 2015, Poteat was sentenced to 5-10 years' incarceration. *See id.* The Pennsylvania Superior Court affirmed his conviction, and Poteat's petitions for Pennsylvania Supreme Court review and United States Supreme Court review were both denied. *See id.*

On September 21, 2018, Poteat filed a PCRA petition. *See id.* ¶ 11. On July 8, 2019,[2] the PCRA court determined that the Commonwealth had violated Rule 600 of the Pennsylvania Rules of Criminal Procedure, and accordingly, the PCRA court vacated Poteat's sentence. *See id.* On July 9, 2019, Poteat was released from prison. *See id.*

On July 12, 2021, Poteat filed his initial instant Complaint before this Court, asserting five counts against more than a dozen Defendants. Poteat asserted various constitutional and tort claims related to the search of his vehicle, his arrest, his extradition, and his prosecution. Upon

---

[2] The order vacating Poteat's sentence, which Defendants attached to their prior motion to dismiss, is dated July 2, 2019. *See* ECF No. 24-2 at Ex. B. However, it is possible that Poteat did not receive notice of this Order until July 8, 2019.

motions by the named Defendants, this Court dismissed Plaintiff's initial Complaint on January 7, 2022.[3]  *See* Op. 1/7/22; Order 1/7/22, ECF No. 30.

On March 8, 2022, Poteat filed an Amended Complaint.  *See* Am. Compl.  Therein, he alleges the following claims for relief:

Count I:  Malicious Prosecution;

Count II:  Intentional Infliction of Emotional Distress;

Count III:  Due Process Violations;

Count IV:  Abuse of Process;

Count V:  Deprivation of Due Process – Property;

Count VI:  Deprivation of Due Process – Fabrication of Evidence;

Count VII:  Conspiracy to Violate Civil Rights;

Count VIII:  Supervisory Liability; Failure to Intervene;

Count IX:  Equal Protection Violation; and

Count X: Wrongful Extradition.

On March 21, 2022, a group of named Defendants consisting of Heather Gallaguer, Jared Hanna, James Martin, Edward Ressler, Joseph Stauffer, and Bethany Zampogna moved to dismiss Poteat's Amended Complaint.  *See* DA Mot., ECF No. 40.[4]  On March 22, 2022, another group of named Defendants consisting of Gregory Emory, Nicholas Goldsmith, Justin Julius, Brian Konopka, Chad Labour, and Lydon moved to dismiss Poteat's Amended Complaint.  *See*

---

[3] As a result of this Opinion and Order, Count I and Poteat's false imprisonment claim in Count IV were dismissed with prejudice as against all Defendants.  The remaining claims were dismissed without prejudice and with leave to amend.

[4] Each of the Defendants who have signed onto this motion hold some position with the Lehigh County District Attorney's Office.  Accordingly, for ease of future reference, this motion is referred to as "DA Mot." throughout this Opinion.

PSP Mot., ECF No. 41.[5]  On April 6, 2022, Poteat filed responses to both pending motions.  *See* Resp. DA, ECF No. 42; Resp PSP, ECF No. 43.  The time for the filing of a reply has well expired as of the date of this Opinion.  Accordingly, the motions are ready for review.

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (cleaned up).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  The defendant bears the burden of demonstrating that a plaintiff has failed to

---

[5]   Each of the Defendants who have signed onto this motion hold some position with the Pennsylvania State Police.  Accordingly, for ease of future reference, this motion is referred to as "PSP Mot." throughout this Opinion.

state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

  **B.**  **Statute of Limitations for § 1983 Claims – Review of Applicable Law**

"Claims brought under § 1983 are subject to the state statutes of limitations governing personal injury actions." *Moore v. Giorla*, 302 F. Supp. 3d 700, 706 (E.D. Pa. 2018) (citing *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003)). The Pennsylvania statute of limitations for personal injury actions, which is applicable in the instant case, is two years. *See id.*

  **C.**  **Malicious Prosecution – Review of Applicable Law**

To state a claim for malicious prosecution, a plaintiff must show:

(1) "the defendants initiated a criminal proceeding;"

(2) the proceeding "ended in plaintiff's favor;"

(3) "the proceeding was initiated without probable cause;"

(4) "the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice;" and

(5) "the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."

*Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)).

  **D.**  **Intentional Infliction of Emotional Distress – Review of Applicable Law**

"An action for [IIED] requires a plaintiff to show that (1) the conduct is extreme; (2) the conduct is intentional or reckless; (3) the conduct caused emotional distress; and (4) the distress is severe." *Kornegey v. City of Philadelphia*, 299 F. Supp. 3d 675, 683 (E.D. Pa. 2018) (citing,

inter alia, *Arnold v. City of Philadelphia*, 151 F. Supp. 3d 568, 579 (E.D. Pa. 2015)). "To state a claim for IIED in Pennsylvania, a plaintiff must demonstrate that the defendant's conduct was 'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.'" *Id.* (quoting *McGreevy v. Stroup*, 413 F.3d 359, 371 (3d Cir. 2005)).

> E.  **14th Amendment Due Process Claim – Review of Applicable Law**

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

> F.  **Abuse of Process – Review of Applicable Law**

"The common law tort of abuse of process is defined as the perversion of legal process after it has begun 'primarily to accomplish a purpose for which it is not designed.'" *Ciolli*, 625 F. Supp. 2d at 296 (quoting *Werner v. Plater–Zyberk*, 799 A.2d 776, 785 (Pa. Super. Ct. 2002)). "To state a claim for abuse of process, a plaintiff must allege facts sufficient to show that 'the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the plaintiff.'" *EMC Outdoor, LLC v. Stuart*, Civ. A. No. 17-5712, 2018 WL 3208155, at *3 (E.D. Pa. June 28, 2018) (quoting *Naythons v. Stradley, Ronon, Stevens & Young, LLP*, No. 07-4489 (RMB), 2008 WL 1914750, at *3 (E.D. Pa. Apr. 30, 2008)).

The tort is designed to prevent the "use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process." *See id.* (quoting *Al Hamilton*

*Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Pa. Super. Ct. 1994)). A defendant's "bad or malicious intentions" are not enough; "[r]ather there must be an act or threat not authorized by the process, or the process must be used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action." *See id.* (quoting *Al Hamilton Contracting*, 644 A.2d at 192).

### G. Conspiracy under § 1983 – Review of Applicable Law

To make out a conspiracy to violate one's civil rights under § 1983, a plaintiff must show "(1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *See Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (quoting *Gale v. Storti*, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009)). "A plaintiff must allege that there was an agreement or meeting of the minds to violate his constitutional rights." *Id.*

## IV. ANALYSIS

In his Amended Complaint, Poteat asserts ten claims for relief. This Court reviews the claims in the order in which they are presented in the Amended Complaint. After a review of the briefing and Poteat's allegations, and for the reasons set forth more thoroughly below, this Court grants Defendants' motions to dismiss with respect to all Counts. Thus, Poteat's Amended Complaint is dismissed. The dismissal of Poteat's Amended Complaint is with prejudice. As to those claims that Poteat pleaded in his initial Complaint, Poteat was given an opportunity to amend. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"). Despite notice of various deficiencies in his Complaint, Poteat failed to plead any new

facts in his Amended Complaint that would cure the deficiencies outlined by this Court with respect to those claims. *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144-45 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."). To permit further amendment of these claims would be to work an inequity against the Defendants.

Moreover, with respect to those claims that Poteat asserts for the first time in his Amended Complaint, this Court concludes that they are barred by the statute of limitations. The novel claims largely relate to events transpiring between 2013 and 2015. Accordingly, they fall well outside of the applicable limitations period. For those reasons, Poteat's Amended Complaint is dismissed in its entirety with prejudice.

### A.     Malicious Prosecution (Count I)

In Count I, Poteat asserts a claim for malicious prosecution. In order to state a claim for malicious prosecution, among other elements, a plaintiff must show that the underlying proceedings terminated in his favor. *Malcomb*, 535 F. App'x at 186 (3d Cir. 2013) (quoting *Kossler*, 564 F.3d at 186). The Third Circuit has held that "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." *See Kossler*, 564 F.3d at 186 (citing *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)). Significantly, "the eventual dismissal of [a] federal prosecution due to a violation of the Speedy Trial Act does not constitute a favorable termination in that the dismissal . . . does not reflect the merits of the underlying criminal charges, only a violation of statutory procedural requirements." *See Noble v. City of Erie*, 1:18-cv-06, 2021 WL 3609987, at *5 (W.D. Pa. July 15, 2021) (citing C*ordova v. City of Albuquerque*, 816 F.3d 645, 652 (10th Cir. 2016)).

As this Court noted in its prior Opinion, Poteat's proceedings terminated via an order from the PCRA court vacating his sentence. In that order, the presiding judge indicated that the basis for vacating the sentence was the Commonwealth's violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure. *See* ECF No. 24-2. Rule 600 governs a defendant's right to a speedy trial in Pennsylvania. Accordingly, Poteat's criminal prosecution was terminated on the basis of a speedy trial violation. Like *Noble*, this termination does not indicate Poteat's innocence; rather, it represents a dismissal based on a procedural violation. *See id.* at *5.

In his Amended Complaint, Poteat alleges no new facts to suggest that the underlying proceedings terminated in a manner that indicated his innocence. In fact, Poteat acknowledges that the underlying criminal proceedings terminated pursuant to Rule 600. *See* Am. Compl. ¶ 35. Instead, Poteat argues that "[w]hile the charges were eventually terminated pursuant to rule 600 – Speedy Trial, this does not preclude the Plaintiff's claim that there was a lack of probable cause for the claims in the instant matter . . . ." *See id.* Notwithstanding, as this Court explained to Poteat in its prior Opinion, a lack of probable cause is only one element of a claim for malicious prosecution. A plaintiff must also show that the underlying proceeding terminated in a manner that indicates his or her innocence. *Malcomb*, 535 F. App'x at 186 (3d Cir. 2013) (quoting *Kossler*, 564 F.3d at 186). Despite the opportunity to amend, Poteat has failed to allege this critical element. Accordingly, Poteat's claim for malicious prosecution in Count I of the Amended Complaint is dismissed. This dismissal is one with prejudice for the reasons discussed above.

### B. Intentional Infliction of Emotional Distress (Count II)

In order to state a claim for IIED, Poteat must allege (1) extreme conduct, (2) that is intentional or reckless, and (3) that causes severe emotional distress. *See Kornegey*, 299 F. Supp. 3d at 683 (citing, *inter alia*, *Arnold*, 151 F. Supp. 3d at 579). In his Amended Complaint, Poteat includes four actions that he alleges were "extreme and intentional" conduct: (1) the Defendants' stopping him without a valid basis; (2) the Defendants' use of the K-9 unit without a valid basis, (3) the Defendants' insistence on a search after telling Poteat he was free to leave, and (4) the Defendants' prosecution of Poteat despite expiry of the speedy trial clock. Of these four actions, three of them fall well outside of the statute of limitations. As this Court noted in previously dismissing Poteat's Fourth Amendment claim, the stop, use of a K-9, and search that Poteat refers to all occurred in 2013. The two-year statute of limitations in Pennsylvania for filing of an IIED claim had well expired by the time Poteat filed the instant matter. Accordingly, Poteat's IIED claim cannot be based upon those three actions that are related to the 2013 search.

With respect to the continued prosecution of Poteat, this Court is unpersuaded that such represented an extreme or outrageous action sufficient to sustain a cause of action for IIED. However, even assuming that Poteat had set forth some extreme or outrageous conduct, he has failed to plausibly allege the remaining elements of a claim. In particular, at no juncture does Poteat allege that *he himself* experienced any severe emotional distress or alleged any symptoms that resulted therefrom. Rather, in the relevant allegation, Poteat merely states that his prosecution was "extreme and intentional and reckless enough to cause extreme emotional distress." *See* Compl. ¶ 40(8). Poteat wholly fails to connect his prosecution to any mental distress that he experienced, alleging only that events such as his prosecution could cause emotional distress in theory. *See id.* Accordingly, even if Poteat had alleged an extreme action,

he otherwise fails to state a claim for IIED. For that reason, Poteat's IIED claim is dismissed. This dismissal is one with prejudice for the reasons discussed above.

### C. Due Process Violation (Count III)

Next, Poteat asserts a claim for violation of due process. In his Amended Complaint, Poteat admits that he was provided an opportunity to be heard regarding the alleged speedy trial violation and that the issue was ultimately decided in his favor in the PCRA court. *See* Am. Compl. ¶¶ 45-46. Instead, Poteat seeks compensation "for the amount of time [he was] wrongfully incarcerated as a result of the violation." *See id.* ¶ 46.

"In procedural due process claims, . . . "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete *unless and until the State fails to provide due process*." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990) (emphasis added). Here, because Poteat all but admits that the state provided him process and a remedy for the speedy trial violation, a due process claim does not lie. Put another way, Poteat's claim for compensation for the time during which he was incarcerated is not actionable under the Due Process Clause. Accordingly, Poteat's claim of a due process violation in Count III is dismissed. This dismissal is one with prejudice for the reasons discussed above.

### D. Abuse of Process (Count IV)

In order to state a claim for abuse of process, Poteat must allege that Defendants used a legal process against him, to accomplish an improper purpose, that resulted in harm to Poteat. *See EMC Outdoor, LLC*, 2018 WL 3208155, at *3. In his Amended Complaint, Poteat alleges four abuses to support the claim. At the outset, three of the alleged abuses fall well outside of the statute of limitations. These alleged abuses related to (1) the issuance of the search warrant in 2013, (2) the execution of that warrant in the same year, and (3) the extradition of Poteat to

Virginia in July of 2014.  To the extent Poteat wishes to base this claim on events occurring in 2013 and 2014 respectively, the two-year limitations period in Pennsylvania for claims involving abuse of process well-expired prior to Poteat's initiation of this lawsuit.  Accordingly, Poteat's abuse of process claim may not be founded on those three allegations.

Remaining is Poteat's allegations that the abuse of process involved the Defendants' continued prosecution of him despite the speedy trial violation.  Notwithstanding, this allegation does not suffice to state a claim for abuse of process.  As the Third Circuit recognized, liability for an abuse of process claim does not lie "where the [prosecutor] has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."  *See Napier v. City of Newcastle*, 407 F. App'x 578, 582 (3d Cir. 2010) (citing *Napier v. City of New Castle*, Civ. A. No. 06-1368, 2007 WL 1965296, at *6 (W.D. Pa. July 3, 2007)).  Here, despite Poteat's claims that prosecutors knew that the speedy trial clock had expired, the prosecutor Defendants did nothing more than carry out a legitimately-initiated process against Poteat.  Accordingly, this action alone does not suffice to show that Defendants engaged in an abuse of process.

Therefore, Poteat's abuse of process claim is dismissed.  This dismissal is one with prejudice.

        **E.**        **Deprivation of Due Process – Property (Count V)**

Poteat next claims that certain property taken during the search of his vehicle was never returned to him.  This claim was not contained in Poteat's original Complaint.  According to Poteat's own allegations, searches were executed as part of his criminal prosecution in both 2013 and 2015.  As this Court has already noted, any claims related to these searches are barred by the statute of limitations.  Therefore, Poteat's claim in Count V is dismissed with prejudice as untimely.

### F.       Deprivation of Due Process – Fabrication of Evidence (Count VI)

Poteat next claims that the Defendants fabricated evidence to assist in the procurement of search warrants. As with Count V, this claim was not contained in Poteat's original Complaint. The alleged searches in Poteat's criminal matter occurred in 2013 and 2015. Accordingly, both fall well outside of the two-year statute of limitations. Therefore, Poteat's claim in Count VI is dismissed with prejudice as untimely.

### G.       Conspiracy to Interfere with Civil Rights (Count VII)

Next, Poteat asserts that the Defendants conspired to interfere with his civil rights. Notwithstanding, this claim fails for two reasons. First, as was the case with his original Complaint, Poteat has again failed to state a claim with respect to any of his other claims. Accordingly, there is no surviving underlying claim upon which to ground a claim of conspiracy. Second, even if one of his underlying claims had survived, Poteat does not allege any new facts in his Amended Complaint that would indicate that the Defendants conspired with one another to achieve a joint purpose. Importantly, Poteat does not allege any meeting of the minds or agreement between the several named Defendants to violate Poteat's rights. Instead, Poteat merely claims that a "reasonable jury" could determine that such a meeting of the minds occurred. Allegations of this sort are conclusory and do not carry Poteat's burden on a motion to dismiss. Accordingly, Count IV is dismissed. This dismissal is one with prejudice for the reasons discussed above.

### H.       Supervisory Liability; Failure to Intervene (Count VIII)

In Count VIII of his Amended Complaint, Poteat alleges two novel claims against only the PSP Supervisor Defendants. Therein, Poteat asserts that the supervisors exhibited a deliberate indifference to his rights when they failed to supervise or intervene in unlawful actions

taken by PSP subordinates. In his allegations, Poteat lists several junctures at which he believed it was the duty of these particular Defendants to supervise or otherwise intervene in conduct. Notwithstanding, some of the events listed are too vague to undergo an appropriate analysis, and moreover, all of these events fall outside of the statute of limitations.

In particular, Poteat's trial concluded with his conviction on September 21, 2015. Accordingly, as of that point in time, the actions over which the PSP Supervisor Defendants had any sort of control had already taken place. Thus, any action (or inaction) that would bear on Poteat's claims in Count VIII necessarily took place before September 21, 2015. Put another way, by the conclusion of his criminal prosecution, Poteat would have had a complete and present cause of action with respect to any failure to intervene or supervise on the part of the PSP Supervisors. Poteat's present action was filed well beyond the two-year limitations period for bringing claims that accrued, at the latest, in September of 2015. Therefore, Poteat's claims in Count VIII are dismissed as barred by the statute of limitations.

I. **Equal Protection Violation (Count IX)**

In Count IX, Poteat asserts an equal protection violation. In particular, Poteat claims that he was racially profiled at the time he was searched. As noted above, Poteat alleges only searches that occurred in 2013 and 2015. Accordingly, both searches are well outside of the two-year limitations period for § 1983 claims, and for that reason, they cannot support an equal protection claim. Thus, Poteat's claim in Count IX is dismissed with prejudice as barred by the statute of limitations.

J. **Wrongful Extradition (Count X)**

In Count X, Poteat asserts a claim for wrongful extradition. Poteat was extradited on July 16, 2014. The instant case, initiated on July 12, 2021, comes nearly seven years after the date of

his extradition.  Accordingly, this claim falls well outside of the two-year statute of limitations for § 1983 claims, and therefore, it is dismissed with prejudice as barred by the statute of limitations.

**K.       Claims against the Pennsylvania State Police and Lehigh County District Attorney's Office**

Finally, Poteat names both the Pennsylvania State Police and Lehigh County District Attorney's Office as Defendants to this case.  While neither of these two parties joined in the present motions to dismiss, this Court may nonetheless dismiss them *sua sponte* where there are no facts that Poteat could plead against these two Defendants that would entitle him to relief. *See Sullivan Assocs., Inc. v. Dellots, Inc.*, Civ. A. No. 97-5457, 1997 WL 778976, at *1, *8 (E.D. Pa. Dec. 17, 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)).

In this instance, the Court finds that it is appropriate to dismiss the Pennsylvania State Police and Lehigh County District Attorney's Office for two reasons.  First, neither the Pennsylvania State Police nor the Lehigh County District Attorney's Office constitute "persons" within the meaning of § 1983.  *See Rode v. Dellarciprete*, 617 F. Supp. 721, 723 (E.D. Pa. 1985) (holding that the Pennsylvania State Police is not a "person[]" within the meaning of § 1983); *Shareef v. Moore*, Civ. A. No. 18-1494, 2020 WL 1445878, at *6 (W.D. Pa. Mar. 25, 2020) ("[A] district attorney's office is not a 'person' that can be sued within the meaning of § 1983." (citing *Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997))).  Accordingly, they may not be sued under that statute.  Second, whereas this Court has dismissed all of the claims against the individual Defendants, who are employees of these two offices, there necessarily are no facts that Poteat could plead against the offices themselves that would entitle him to relief.

Therefore, both the Pennsylvania State Police and Lehigh County District Attorney's Office are dismissed with prejudice.

## V.  CONCLUSION

With respect to those claims that Poteat amended in his Amended Complaint, he has again failed to state a claim.  Poteat was on notice of the factual deficiencies of these claims, yet he did not remedy them.  Accordingly, those claims are dismissed with prejudice, as to permit further amendment would work an inequity against Defendants.

Moreover, Poteat's novel claims are entirely based on conduct that falls outside of the applicable limitations period.  Accordingly, those claims are dismissed with prejudice as barred by the statute of limitations.  This results in the dismissal of Poteat's Amended Complaint, in its entirety, with prejudice.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge