UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ANTOINE POTEAT,                          :
              Plaintiff,                 :
                                         :
        v.                               :     No. 5:21-cv-03117
                                         :
GERALD LYDON, *et al.*,                  :
              Defendants.                :

**O P I N I O N**
**Plaintiff's Motion for Reconsideration, ECF Nos. 46 and 49 – Granted in part, denied in part**

**Joseph F. Leeson, Jr.**                          **August 9, 2022**
**United States District Judge**

## I.    INTRODUCTION

This matter involves claims arising under 42 U.S.C. § 1983 brought by pro se Plaintiff

Antoine Poteat against more than a dozen Defendants, many of whom are employed by either the

Pennsylvania State Police or the Lehigh County District Attorney's Office.

Following dismissal of his Amended Complaint with prejudice, Poteat filed the present

motion for reconsideration.  After a review of the motion, this Court grants reconsideration on

Poteat's malicious prosecution claim, but denies reconsideration of his remaining claims.  Upon

reconsideration of Poteat's malicious prosecution claim, the Court determines that the claim was

appropriately dismissed with prejudice.

## II.   BACKGROUND

The background is taken, in large part, from allegations in Poteat's Amended Complaint.

*See* Am. Compl., ECF No. 39.  On February 20, 2013, Poteat was pulled over by Defendant

Gerald Lydon.  *See id.* ¶ 7.  During the traffic stop, Lydon alleges that he smelled marijuana

coming from Poteat's vehicle.  *See id.*   Thereafter, two officers arrived with a K-9, and they

asked Poteat to step out of his vehicle.  *See id.*  Poteat alleges that Lydon issued Poteat a warning

for the traffic violation and informed Poteat that he was free to leave.  *See id.*   Thereafter, Poteat

alleges that Lydon then asked Poteat if anything illegal was in the vehicle.  *See id.*  Poteat denied

having anything illegal in the car and did not consent to a search.  *See id.*  Poteat continued to

refuse a search of the vehicle, so the officers walked the K-9 around the vehicle.  *See id.*  Lydon

told Poteat that the K-9 alerted on the vehicle, and Lydon indicated that he would be applying for

a search warrant for Poteat's vehicle.  *See id.*  Poteat agreed to go to the Pennsylvania State

Police barracks where his vehicle would be towed.  *See id.*  While in the back of the police car,

Poteat alleges that he saw one of the officers enter his vehicle and move items from the armrest

to the passenger seat.  *See id.*

Once at the barracks, Lydon applied for a search warrant that was approved by a

magistrate judge.  *See id.* ¶ 8.  That evening, Lydon and other officers searched the vehicle and

seized two plastic bags of suspected cocaine and two bags of suspected marijuana, among other

items.  *See id.*  As a result, on February 26, 2013, Lydon filed charges against Poteat.  *See id.*

While processing Poteat, Lydon included the extradition code "SSO" or "Surrounding States

Only," despite knowing Poteat's address.  *See id.*  Pursuant to an arrest warrant, Poteat was

arrested on May 27, 2014 in Maryland.  *See id.*  Poteat was taken into custody at the Harford

County Detention Center and served extradition papers for charges in Virginia.  *See id.*

However, Poteat alleges that no detainer nor extradition proceedings were brought by

Pennsylvania authorities to bring Poteat to Pennsylvania.  *See id.*

On May 29, 2014, Poteat was extradited to Virginia.  *See id.* ¶ 9.  While the facts that

follow are unclear, it appears from the Amended Complaint that there was disagreement over

whether Poteat would be extradited to Pennsylvania for the charges stemming from February 2013.  *See id.*  Eventually, on July 16, 2014, Poteat was extradited to Pennsylvania.  *See id.*

On August 5, 2015, relating to Poteat's Pennsylvania charges, Poteat alleges that Lydon again applied for a search warrant, but Poteat does not indicate what that warrant related to.  *See id.* ¶ 10.  On September 21, 2015, Poteat was convicted on all counts in a non-jury trial.  *See id.* On October 10, 2015, Poteat was sentenced to 5-10 years' incarceration.  *See id.*  The Pennsylvania Superior Court affirmed his conviction, and Poteat's petitions for Pennsylvania Supreme Court review and United States Supreme Court review were both denied.  *See id.*

On September 21, 2018, Poteat filed a PCRA petition.  *See id.* ¶ 11.  On July 8, 2019,[1] the PCRA court determined that the Commonwealth had violated Rule 600 of the Pennsylvania Rules of Criminal Procedure, and accordingly, the PCRA court vacated Poteat's sentence.  *See id.*  On July 9, 2019, Poteat was released from prison.  *See id.*

On July 12, 2021, Poteat filed his first Complaint before this Court, asserting five counts against more than a dozen Defendants.  Poteat asserted various constitutional and tort claims related to the search of his vehicle, his arrest, his extradition, and his prosecution.  Upon motions by the named Defendants, this Court dismissed Plaintiff's initial Complaint on January 7, 2022.[2] *See* Op. 1/7/22; Order 1/7/22, ECF No. 30.

On March 8, 2022, Poteat filed an Amended Complaint, alleging similar constitutional and tort claims.  *See* Am. Compl.  On motions from Defendants, the Court dismissed the

---

[1]     The order vacating Poteat's sentence, which Defendants attached to their prior motion to dismiss, is dated July 2, 2019.  *See* ECF No. 24-2 at Ex. B.  However, it is possible that Poteat did not receive notice of this Order until July 8, 2019.
[2]     As a result of this Opinion and Order, Count I and Poteat's false imprisonment claim in Count IV were dismissed with prejudice as against all Defendants.  The remaining claims were dismissed without prejudice and with leave to amend.

Amended Complaint with prejudice.  *See* Op. 5/20/22, ECF No. 44; Order 5/20/22, ECF No. 45.

On June 13, 2022, Poteat filed the present motion for reconsideration of this Court's Order and

Opinion of May 20, 2022.  *See* Mot., ECF Nos. 46 and 49.

## III.    LEGAL STANDARDS

### A.      Motion for Reconsideration – Review of Applicable Law

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985).  "Accordingly, a judgment may be altered or amended if the party seeking reconsideration

shows at least one of the following grounds:"

> "(1) an intervening change in the controlling law;"

> "(2) the availability of new evidence that was not available when the court granted the

>      motion . . . ;" or

> "(3) the need to correct a clear error of law or fact or to prevent manifest injustice."

*Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "It is

improper on a motion for reconsideration to ask the Court to rethink what [it] had already

thought through--rightly or wrongly."  *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp.

1109, 1122 (E.D. Pa. 1993) (internal quotations omitted).  "Because federal courts have a strong

interest in the finality of judgments, motions for reconsideration should be granted sparingly."

*Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### B.      Statute of Limitations for § 1983 Claims – Review of Applicable Law

"Claims brought under § 1983 are subject to the state statutes of limitations governing

personal injury actions."  *Moore v. Giorla*, 302 F. Supp. 3d 700, 706 (E.D. Pa. 2018) (citing

*Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003)).  The Pennsylvania statute of

limitations for personal injury actions, which is applicable in the instant case, is two years. *See id.*

      C.      **Malicious Prosecution – Review of Applicable Law**

To state a claim for malicious prosecution, a plaintiff must show:

(1) "the defendants initiated a criminal proceeding;"

(2) the proceeding "ended in plaintiff's favor;"

(3) "the proceeding was initiated without probable cause;"

(4) "the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice;" and

(5) "the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."

*Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)).

      D.      **Conspiracy under § 1983 – Review of Applicable Law**

To make out a conspiracy to violate one's civil rights under § 1983, a plaintiff must show "(1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *See Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (quoting *Gale v. Storti*, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009)). "A plaintiff must allege that there was an agreement or meeting of the minds to violate his constitutional rights." *Id.*

## IV.    ANALYSIS

In his motion, Poteat indicates that he seeks reconsideration based on the Court's legal error. His claims of error can be separated into three categories. First, Poteat claims that this

Court erred in finding certain claims of his were barred by the applicable statute of limitations. Second, Poteat asserts that this Court erred in its review of the substance of his due process and conspiracy claims.  Finally, Poteat asserts that this court erred in finding that he failed to establish the "favorable termination" element of a malicious prosecution claim.

With respect to Poteat's time-barred claims, the Court concludes that reconsideration is not warranted.  With respect to Poteat's merits-based claims of error, the Court similarly concludes that reconsideration is not warranted.  With respect to Poteat's malicious prosecution claim, the Court finds legal error in its own assessment of the favorable termination element. Accordingly, the Court grants reconsideration of that claim.  However, on reconsideration, Poteat's malicious prosecution claim fails on other elements. Accordingly, the malicious prosecution claim is dismissed with prejudice.

### A.        Statute of Limitations Claims

Poteat makes three arguments related to his time-barred claims.  First, he asserts that this Court failed to consider his incarceration as a basis for tolling the limitations period.  Second, he argues the Court failed to apply equitable tolling to his claims.  Third, he asserts that the Court failed to apply the continuing violations doctrine to his abuse of process claim.  Following a review of these arguments, the Court concludes that no error occurred in its review of Poteat's time-barred claims, and accordingly, Poteat's motion for reconsideration of these claims is denied.

### 1.        Incarceration-Based Tolling of Limitations Period

First, Poteat claims that this Court failed to consider the fact that he was incarcerated and unable to initiate the instant case for that reason.  Unfortunately, Poteat misunderstands the very precedent he cites in support of this argument.

As Poteat points out in his motion, under Pennsylvania law, "it is clear that incarceration will not toll the statute of limitations." *See* Mot. ¶ 9 (citing 42 Pa. Cons. Stat. § 5533(a) ("[I]mprisonment does not extend the time limited by this subchapter for the commencement of a matter."); *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982) (same)). The Legal Information Institute defines the term "Toll" to mean, "[t]o *stop* the running of a time period, especially a time period set by a statute of limitations." *Toll*, LEGAL INFORMATION INSTITUTE, https://www.law.cornell.edu/wex/toll (last visited Aug. 5, 2022) (emphasis added). Accordingly, Pennsylvania law does not permit a stoppage of the limitations period simply because the individual seeking to bring suit is incarcerated. *See* § 5533(a). Put another way, the two-year clock for Poteat to file suit continued to run despite the fact that he was imprisoned. *See id.*

Based on a misreading of the case law Poteat cites, he believes that his incarceration warrants tolling, or a stoppage, of the limitations period. However, under Pennsylvania law, that is clearly impermissible. Accordingly, to the extent Poteat seeks reconsideration of his time-barred claims on the basis of any incarceration-based tolling, the motion is denied.

### 2.    Equitable Tolling of the Limitations Period

Next, Poteat suggests that this Court failed to consider exceptions to the statute of limitations, including equitable tolling. Notwithstanding, at no time does Poteat allege or otherwise present factors that would warrant any sort of equitable tolling. To be sure, Poteat's responses to the motions to dismiss the Amended Complaint mentioned the term "equitable tolling." *See* ECF No. 42 at 10, 12; ECF No. 43 at 2, 9. The instant motion for reconsideration similarly mentions the term. *See, e.g.*, Mot. at ¶ 19. However, Poteat's invocation of the doctrine begins and ends there. Poteat does not indicate to the Court what, if any, circumstances

would warrant an exercise of equitable tolling of the limitations period.[3]  Accordingly, in the

absence of any substantive allegations or arguments as to why equitable tolling would be

warranted in this matter, the Court did not err by omitting discussion of the doctrine from its

prior Opinion.

### 3.      Continuing Violation Doctrine

Next, Poteat asserts that this Court erred in failing to apply the continuing violations

doctrine to his abuse of process claim.  In its prior Opinion, this Court found that three of

Poteat's four claimed abuses of process were time barred: (1) the issuance of the search warrant

in 2013, (2) the execution of that warrant in the same year, and (3) the extradition of Poteat in

July of 2014.  Notwithstanding Poteat's arguments to the contrary, the continuing violations

doctrine does not act to save these claims.[4]

As the Third Circuit has explained, "a 'continuing violation is occasioned by continual

unlawful *acts*, not continual ill effects from an original violation.'"  *See Montanez v. Sec'y Pa.*

*Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014) (quoting *Weis–Buy Servs., Inc. v. Paglia*, 411

F.3d 415, 423 (3d Cir. 2005) (emphasis added by *Montanez*)).  Here, the three discrete acts that

Poteat alleges as "abuses" occurred well outside of the limitations period.  Moreover, that Poteat

---

[3]      To the extent Poteat intends to assert that his incarceration is the circumstance that
warrants application of equitable tolling principles, that argument is addressed by the Court's
analysis above.  For the same reasons, Poteat's incarceration does not warrant equitable tolling of
the limitations period.
[4]      Of note, the continuing violations doctrine is not available to a plaintiff who "is aware of
the injury at the time it occurred."  *See Montanez*, 773 F.3d at 481 (quoting *Morganroth &
Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n. 6 (3d Cir. 2003)).  The
abuses that Poteat alleges here involve injuries that occur contemporaneously with the abuse,
such that Poteat should have known of his injury at the time the abuse occurred.  For example, to
the extent Poteat alleges that the abuse entailed the improper issuance and execution of a search
warrant, Poteat knew of the injury resultant from the issuance and execution of the warrant at the
time it occurred.  The same can be said of his extradition.  Accordingly, the continuing violation
doctrine is not available to Poteat.

continued to feel the "ill effects" of these actions until his release from prison does not save the claims. Rather, in order to show a true continuing violation, Poteat was required to plausibly allege a pattern of affirmative, unlawful actions that continued into the applicable limitations period. He has not. Accordingly, this Court did not err by declining to apply the continuing violations doctrine to Poteat's abuse of process claim, and his motion for reconsideration on this issue is denied.

## B.    Merits-Based Claims of Error

In his motion, Poteat next asserts that this Court erred in its substantive review of his deprivation of due process claim and conspiracy claim. For the reasons set forth below, the Court concludes that no error occurred in the review of these claims, and accordingly, Poteat's motion for reconsideration is denied with respect to these claims.

### 1.    Deprivation of Due Process Claims

Poteat seeks reconsideration of his due process deprivation claim, in which he asserts he was deprived of due process as a result of the speedy trial violation in his underlying case. As he has previously, Poteat again claims that he was not provided relief for the due process violation that he suffered, until the time at which he was released due to the speedy trial act violation.

Notwithstanding, as this Court has already explained, Poteat has already received a remedy for the speedy trial violation. Specifically, Poteat's conviction was vacated, and he was released from his incarceration as a result of the speedy trial violation. That is the "categorical" remedy for a speedy trial violation. *See United States v. Ray*, 57 F.3d 184, 191 (2d Cir. 2009) (citing *Strunk v. United States*, 412 U.S. 434, 440 (1973)). As explained in the Court's Opinion of May 20, 2022, Poteat's claim for "compensation" during the time of his incarceration is not

actionable in a claim of this type.[5]  Accordingly, Poteat's motion for reconsideration is denied with respect to this claim.

### 2.    Conspiracy Claim

Poteat next asserts that this Court erred in its review of his conspiracy claim.  However, Poteat does not point to any error of law or fact in his motion.  Rather, Poteat merely restates much of his prior arguments regarding his conspiracy claim.  In particular, Poteat asserts that his claims "indisputably include corroboration" among the Defendants.  *See* Mot. ¶ 40.  Poteat believes that this allegation is sufficient to establish a claim of conspiracy.  *See id.* ¶ 41.  Notwithstanding, as the Court indicated in its prior Opinion, Poteat cannot simply invoke the term "conspiracy" and make it so.  *See* Op. 5/20/22 at 14.  Rather, Poteat was required to allege facts that would plausibly support that a meeting of the minds occurred between the Defendants.  He did not so allege.  Having presented no viable claim of legal or factual error with respect to this Court's review of Poteat's conspiracy claim, Poteat's motion for reconsideration of his conspiracy claim is dismissed.

### C.    Malicious Prosecution Claim

Finally, Poteat asserts that this Court committed legal error in the dismissal of his malicious prosecution claim.  In particular, Poteat points to a recent change in the law brought on by *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022).  There, the Supreme Court held that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to

---

[5]    Moreover, even to the extent such compensatory relief was available, the parties Poteat seeks to hold accountable for the speedy trial violation are immune to monetary liability for their decision to initiate and pursue a criminal prosecution against Poteat.  *See Manning v. Mills*, 543 F. App'x 256, 257 (3d Cir. 2013) ("State prosecutors are afforded absolute immunity from civil suit under § 1983 for the initiation and pursuit of criminal prosecutions." (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976))).

show that the criminal prosecution ended with some affirmative indication of innocence." *See*

*id.* Rather, "[a] plaintiff need only show that the criminal prosecution ended without a

conviction." *See id.*

In its prior Opinion, this Court determined that the dismissal of Clark's charges on the

basis of a speedy trial violation did not indicate his innocence. *See* Op. 5/20/22 at 9–10. Based

on the standard announced in *Thompson*, that conclusion was in error. Rather, under *Thompson*,

it is likely that the disposition of Clark's charges satisfies the "favorable termination" element of

a malicious prosecution claim. Accordingly, this Court grants the motion for reconsideration on

Poteat's malicious prosecution claim, and it now turns to reconsider that claim.

In order to state a claim for malicious prosecution, Poteat must allege (1) that a

Defendant initiated a criminal proceeding, (2) that the proceeding ended in Poteat's favor, (3) it

was initiated without probable cause, (4) the Defendant acted maliciously in initiating the

prosecution, and (5) Poteat was seized. *See Malcomb*, 535 F. App'x at 186 (quoting *Kossler*,

564 F.3d at 186). Although Poteat alleges some of these elements, he fails to allege that the

proceedings were initiated without probable cause.

"To prevail on a malicious prosecution claim where the plaintiff was held pursuant to a

warrant, the plaintiff must show that the officers 'knowingly and deliberately, or with a reckless

disregard for the truth, made false statements or omissions that created a falsehood in applying

for a warrant.'" *See Quintana v. City of Philadelphia*, Civ. A. No. 17-0996, 2018 WL 3632144,

at *6 (E.D. Pa. July 30, 2018) (quoting *Andrews v. Sculli*, 853 F.3d 690, 697 (3d Cir. 2017)). In

his Amended Complaint, Poteat provides no substantive allegations that any of the Defendants

knowingly, deliberately, or recklessly made false statements or omissions in obtaining the

warrant for his arrest.  Accordingly, Poteat failed to allege facts sufficient to show a lack of probable cause for his arrest.

Moreover, in his response to the DA Defendant's Motion to Dismiss the Amended Complaint, Poteat suggested that he was not in fact challenging whether probable cause existed at the outset of the criminal proceedings.  *See* ECF No. 42 ¶¶ 18–20.  Instead, Poteat argues that probable cause "expired" when the speedy trial clock expired.  *See id.*  As the Court explained in its prior Opinion, a plaintiff asserting a malicious prosecution claim must allege that the proceeding was "*initiated* without probable cause."  *See* Op. 5/20/22 at 6 (emphasis added) (citing *See Malcomb*, 535 F. App'x at 186).  Accordingly, Poteat's theory that probable cause expired at some point after the initiation of the criminal proceeding cannot sustain a claim for malicious prosecution.

In the absence of any allegations in the Amended Complaint that would establish Poteat's arrest warrant was the product of false statements or omissions, Poteat has failed to sufficiently allege that the criminal proceedings were initiated without probable cause.  Therefore, on reconsideration, Poteat's claim of malicious prosecution remains dismissed.

Moreover, the dismissal remains one with prejudice.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").  In this instance, to permit amendment would be both inequitable and futile.  Foremost, Defendants twice addressed the matter of Poteat's failure to sufficiently allege probable cause in his malicious prosecution claim. *See* ECF Nos. 23 and 40.  Moreover, Poteat acknowledged Defendants' arguments related to probable cause, addressing the same in his responsive brief to the Motion to Dismiss the

Amended Complaint.  *See* Resp. ¶¶ 17–20.  Notwithstanding notice of the deficiencies in his

allegations related to probable cause, Poteat did not correct those deficiencies in his Amended

Complaint.  *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144-45 (3d Cir.

2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was

put on notice as to the deficiencies in his complaint, but chose not to resolve them.").

In addition, to permit further amendment in this case would be futile.  Poteat himself

indicates that his argument as to probable cause is that it "expired" at some point after the

initiation of the prosecution, when the speedy trial clock had run.  *See* ECFF No. 42 ¶¶ 17–20.

As the Court noted above, the proper probable cause inquiry in a malicious prosecution case is

whether probable cause existed at the *initiation* of the criminal proceedings.  Accordingly, an

amendment to simply claim that probable cause expired at some point after the initiation of the

action would be futile.  For those reasons, the dismissal of Poteat's malicious prosecution claim

remains one with prejudice.

## V.    CONCLUSION

Following a review of Poteat's Motion for Reconsideration, the motion is granted in part

and denied in part.  The motion is granted as to Poteat's claim of malicious prosecution, but it is

denied as to all remaining claims.

Upon a reconsideration of Poteat's malicious prosecution claim under the proper

governing standard, the Court concludes that Poteat has failed to state a plausible claim for relief.

Accordingly, the claim remains dismissed.  For the reasons discussed above, the dismissal is one

with prejudice, and the matter remains closed.

A separate Order follows.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

080822