UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE POTEAT,<br>    Plaintiff,<br>  v.<br><br>GERALD LYDON, *et al.*,<br>    Defendants. | :<br>:<br>:  No. 5:21-cv-3117<br>:<br>:<br>: |

**O R D E R**

**AND NOW**, this 20th day of March, 2025, upon consideration of Plaintiff's Motion to Withdraw Rule 59(e) Motion, to Correct Clerical Error, and to Stay Pending Decision of United States Supreme Court in *Blom Bank Sal v. Honickman*, filed March 18, 2025, ECF No. 77, **IT IS ORDERED THAT:**

1. Plaintiff's Motion, ECF No. 77, is **GRANTED in part** and **DISMISSED in part**,[1] as follows:

---

[1] Plaintiff's Amended Rule 60(b)(6) Motion for Relief, ECF No. 65, was filed with the Court on December 6, 2024. Accordingly, the Court dismissed as moot Plaintiff's prior Rule 60(b)(6) Motions for Relief, ECF Nos. 55 and 57, on December 16, 2024. *See* Order, ECF No. 67. Plaintiff then appealed the Court's December 16 Order to the Court of Appeals for the Third Circuit on January 21, 2025. *See* Notice of Appeal, ECF No. 69. Therein, Plaintiff appealed "from the judgment and any other orders or rulings issued by the Court, including but not limited to any decisions made in response to Plaintiff's Motion for Relief Under Rule 59(e)." *See id.* As a result, the Court is divested of jurisdiction over the subject matter of the appeal, and declines to issue any decision on the merits, pending a ruling from the Third Circuit. *See Campbell v. Royal Bank Supp. Exec. Ret. Plan*, 646 F. Supp. 3d 629, 638 (E.D. Pa. 2022), *aff'd sub nom. Campbell v. Bd. of Directors of Bryn Mawr Tr. Co.*, No. 22-2723, 2024 WL 4380142 (3d Cir. Oct. 3, 2024) ("As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over the case pending disposition of the appeal.") (quoting *Pensiero v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982))).

a. Plaintiff's Motion to Withdraw Rule 59(e) Motion is **GRANTED**. Plaintiff's Motion to Alter or Amend the Judgment Pursuant to Rule 59(e), ECF No. 68, is deemed **WITHDRAWN**.

b. Plaintiff's Motion to Correct Clerical Error is **DISMISSED without prejudice**.[2]

c. Plaintiff's Motion to Stay the case is **DISMISSED without prejudice**.[3]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] Although "[e]xceptions to the rule in *Griggs* allow the district court to retain jurisdiction to review [motions] to correct clerical mistakes," *Campbell*, 646 F. Supp. 3d at 638 (italics not in original), here Plaintiff seeks to amend the filing date entered by the clerk's office for Plaintiff's Amended Rule 60(B)(6) Motion, ECF No. 65. Currently, the docket reflects a filing date of December 6, 2024, for Plaintiff's Amended Rule 60(B)(6) Motion, but Plaintiff requests that it be changed to reflect a filing date of December 3, 2024. *See* Motion, ECF No. 77. at 3-5. The motion itself is dated December 2, 2024, *see* Amended Rule 60(B)(6) Motion, at 19, 44, and the postal markings indicate an "origin" date of December 3, 2024, and an "expected delivery date" of December 5, 2024, *see id.* A document "is not considered filed until it is received by the clerk's office." *Clark v. Alight Sols., LLC*, No. CV 21-1855, 2022 WL 17669710, at *2 (E.D. Pa. Dec. 14, 2022) (citing Fed. R. Civ. P. 5(d)(2) (stating that paper is deemed "filed" by "delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk"); *McIntosh v. Antonio*, 71 F.3d 29, 36 (1st Cir. 1995) ("When papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of them."); *Maier v. Bucks Cnty.*, Civ. A. No. 18-4060, 2019 WL 689206, at *1 (E.D. Pa. Feb. 19, 2019) (concluding that complaint was deemed filed on date clerk of court received it rather than on date counsel mailed it to clerk of court)). Thus, the Court is not prepared to classify the current date of filing of the Amended Rule 60(B)(6) Motion as a "clerical error," and cannot decide the motion to "correct" it at this time. Plaintiff is nonetheless granted leave to file an amended motion which explains why, in light of Fed. R. Civ. P. 5(d)(2), the date of filing is erroneous, but only after the Third Circuit issues an order on Plaintiff's appeal.

[3] At present, the Court is divested of jurisdiction pending resolution of the appeal. As such, the present Motion to Stay the case is dismissed. After the Third Circuit issues its resolution of the appeal, Plaintiff is granted leave to file an amended motion to stay the case pending a United States Supreme Court case resolution.