UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————

| | |
|---|---|
| ANTOINE POTEAT, | : |
|            Plaintiff, | : |
|       v. | :    No.  5:21-cv-3117 |
| | : |
| GERALD LYDON, *et al.*, | : |
|            Defendants. | : |

———————————————————————

**O R D E R**

**AND NOW**, this 11th day of March, 2026, upon consideration of Plaintiff's Motion for

Indicative Ruling on Pending Rule 60(b) Motion Pursuant to Federal Rule of Civil Procedure

62.1, filed March 2, 2026, *see* ECF No. 79, **IT IS ORDERED THAT:**

1. Plaintiff's Motion, ECF No. 79, is **DISMISSED** for lack of jurisdiction.[1]

———————————

[1]     Plaintiff's Amended Rule 60(b)(6) Motion for Relief, ECF No. 65, was filed with the Court on December 6, 2024. The Court then dismissed as moot Plaintiff's *prior* Rule 60(b)(6) Motions for Relief, ECF Nos. 55 and 57, on December 16, 2024. *See* Order, ECF No. 67. Plaintiff then appealed the Court's December 16 Order to the Court of Appeals for the Third Circuit on January 21, 2025. *See* Notice of Appeal, ECF No. 69. As a result, the Court is divested of jurisdiction over the subject matter of the appeal, and declines to issue any decision on the merits, pending a ruling from the Third Circuit. *See Campbell v. Royal Bank Supp. Exec. Ret. Plan*, 646 F. Supp. 3d 629, 638 (E.D. Pa. 2022), *aff'd sub nom. Campbell v. Board of Directors of Bryn Mawr Tr. Co.*, No. 22-2723, 2024 WL 4380142 (3d Cir. Oct. 3, 2024) ("As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over the case pending disposition of the appeal.") (quoting *Pensiero v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982))).

     Plaintiff's instant "Motion for Indicative Ruling on Pending Rule 60(b) Motion Pursuant to Federal Rule of Civil Procedure 62.1," ECF No. 79, acknowledges that the Court cannot decide the merits of the pending motion while the case is on appeal, but nevertheless asks this Court to "issue an indicative ruling pursuant to Rule 62.1 stating whether it would grant Plaintiff's Rule 60(b)(6) motion (ECF No. 65) if the case were remanded [from the Third Circuit Court of Appeals] for that purpose," *see id.* The Court is not currently in a position to indicate how it would decide the pending Rule 60(b) motion until the Third Circuit renders its decision on appeal. Because it lacks jurisdiction at this time to decide such a motion, or to predict how it might decide the motion in the future, the instant Motion for Indicative Ruling, ECF No. 79, is dismissed for lack of jurisdiction.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

The Court also notes that Plaintiff's Motion for Indicative Ruling states that:

On December 6, 2024, Plaintiff filed a Rule 60(b)(6) motion (ECF No. 65) seeking relief from the final judgment entered in this case. On December 16, 2024, this Court entered an order that Plaintiff construes as a denial of that motion. Plaintiff timely appealed that order to the United States Court of Appeals for the Third Circuit, where the appeal is now pending as Case No. 25-1119.

*See id.* at ¶ 1. Plaintiff misunderstands the Court's Order of December 16, 2024. The Order of December 16, 2024 did not issue a ruling on the currently pending Rule 60(b) motion, ECF No. 65. It merely dismissed the prior Rule 60(b) motions, ECF Nos. 55 and 57, as moot. Moreover, an "indicative ruling pursuant to Rule 62.1 stating whether [the Court] would grant Plaintiff's Rule 60(b)(6) motion (ECF No. 65)" in the future would not "assist the Court of Appeals in determining whether to remand the matter for further proceedings," as Plaintiff suggests. *See* ECF No. 79 at ¶ 3.