UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| ANTOINE POTEAT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 21-cv-3117-JFL |
| | : | |
| | : | |
| GERALD LYDON, et al., | : | |
| Defendants. | : | |
| | : | |

_____

## PLAINTIFF'S STATUS INQUIRY CONCERNING PENDING AMENDED RULE 60(b)(6) MOTION

Plaintiff Antoine Poteat, proceeding *Pro Se,* respectfully submits this Status Inquiry regarding his Amended Rule 60(b)(6) Motion, which was filed in October 2024 and remains pending without a ruling or a briefing schedule.

**Background**

In October 2024, Plaintiff filed an Amended Rule 60(b)(6) Motion seeking relief from the final judgment. The motion is grounded in a series of intervening Supreme Court and Third Circuit decisions that have materially altered the standards governing malicious prosecution, probable cause, and immunity.

On December 16, 2024, the Court dismissed two earlier Rule 60(b) motions as moot, but it did not rule on the Amended Motion. (ECF No. 65.)

Plaintiff appealed the mootness dismissal. On April 1, 2026, the United States Court of Appeals for the Third Circuit affirmed the dismissal and expressly noted that Plaintiff "had filed an amended Rule 60(b) motion." *Poteat v. Lydon,* No. 25-1119, slip op. at 2-3 (3d Cir. Apr. 1, 2026). *See Exhibit A. Th*e Court of Appeals did not address the merits of the Amended Motion, which therefore remains live and undecided.

To date, the Amended Motion has been pending for over eighteen months without a scheduling order or a ruling.

**The Court's Continuing Jurisdiction**

Plaintiff respectfully notes that the Court retains full jurisdiction to adjudicate the Amended Motion. A district court "is in a much better position to pass upon the issues presented in a motion under Rule 60(b)" and may entertain such a motion without leave of the appellate court, even where the underlying judgment has been affirmed on appeal. *Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 18 (1976)* (per curiam); *Sellers v. Gen. Motors Corp., 735 F.2d 68, 69 (3d Cir. 1984).* Because the Amended Motion is based on intervening changes in law that **occurred after the**

**Third Circuit's 2023 affirmance,** there is no jurisdictional impediment to a prompt ruling.

**Request for Status Information**

Plaintiff does not seek to rush the Court, but simply wishes to ensure that the motion has not been overlooked. Accordingly, Plaintiff respectfully requests the Court's guidance on the following:

a. Whether the Court intends to rule on the Amended Rule 60(b)(6) Motion on the existing papers, or whether it will set a briefing schedule for Defendants' response and Plaintiff's reply; and

b. An approximate timeframe, if one is available, for the Court's decision.

Plaintiff is prepared to provide any additional information or briefing that the Court may require.

**Conclusion**

Plaintiff appreciates the Court's attention to this inquiry and respectfully awaits any information the Court is able to provide.

DATED: April 29, 2026.                          Respectfully submitted,

Antoine Poteat

# EXHIBIT A

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1119
_____

ANTOINE POTEAT,
                        Appellant

v.

GERALD LYDON, Individually and Official Capacity of Pennsylvania State Police; CHAD LABOUR, Individually and Official Capacity of Pennsylvania State Police; NICHOLAS GOLDSMITH, Individually and Official Capacity of Pennsylvania State Police; JUSTIN JULIUS, Individually and Official Capacity of Pennsylvania State Police; GREGORY EMERY, Individually and Official Capacity of Pennsylvania State Police; BRIAN KONOPKA, Individually and Official Capacity of Pennsylvania State Police; PENNSYLVANIA STATE POLICE, Individually and Official Capacity of Pennsylvania State Police; HEATHER GALLAGHER, Individually and Official Capacity of Lehigh County District Attorney's Office; BETHANY ZAMPOGNA, Individually and Official Capacity of Lehigh County District Attorney's Office; JOSEPH STAUFFER, Individually and Official Capacity of Lehigh County District Attorney's Office; JAMES MARTIN, Individually and Official Capacity of Lehigh County District Attorney's Office; JARED HANNA, Individually and Official Capacity of Lehigh County District Attorney's Office; EDWARD RESSLER, Individually and Official Capacity of Lehigh County District Attorney's Office; LEHIGH COUNTY DISTRICT ATTORNEY'S OFFICE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 5:21-cv-03117)
District Judge: Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2026
Before:   MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: April 1, 2026)

OPINION[*]

_____

PER CURIAM

In 2021, pro se appellant Antoine Poteat initiated a federal civil action in the District Court bringing constitutional and tort claims.  His claims were dismissed, and this Court affirmed the dismissal in 2023.  *See Poteat v. Lydon*, No. 22-2114, 2023 WL 6620368, at \*3 (3d Cir. Oct. 11, 2023).  A year later, in October 2024, Poteat filed two motions for relief under Federal Rule of Civil Procedure 60(b) in the District Court, seeking reinstatement of his case and relief on his claims.  Soon after, Poteat filed an amended Rule 60(b) motion, incorporating the arguments from his other motions.  On December 16, 2024, the District Court dismissed Poteat's first two motions as moot, noting that he had filed an amended Rule 60(b) motion.

Poteat timely appealed.[1]  However, we discern no error in the District Court's dismissal of Poteat's first two Rule 60(b) motions as moot after he filed a third amended Rule 60(b) motion that incorporated the arguments in his prior motions.[2]  *See Budget*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court granted Poteat's motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5), deeming his notice of appeal to be timely filed.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, as the District Court's order completely disposed of Poteat's first two post-judgment Rule 60(b) motions by dismissing them as moot, and that is the entire scope of this appeal.  *See Isidor*

2

*Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (reviewing disposition of Rule

60(b) motions for abuse of discretion); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810,

817 (3d Cir. 1982) ("[M]atters of docket control . . . are committed to the sound

discretion of the district court.").  Accordingly, we will affirm the District Court's

December 16, 2024 order.[3]

---

*Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir. 1993)
(explaining the appealability of post-judgment rulings); *Ohntrup v. Firearms Ctr., Inc.*,
802 F.2d 676, 678 (3d Cir. 1986) (per curiam) ("[M]ost post judgment orders are final
decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has
completely disposed of the matter.") (internal quotation marks and citation omitted).

[3] We grant Poteat's motion for leave to file two reply briefs and to exceed the word count
in those filings and deny his remaining motions.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April in 2026, a true and correct copy of the foregoing status inquiry with Exhibit was served via ECF to opposing parties.

DATED: April 29, 2026.                    Respectfully Submitted,


_Antoine Poteat_

Antoine Poteat
435 Merchant Walk Sq.
Suite 300-541
Charlottesville, VA 22901
Poteatlaw@gmail.com
*Pro Se*