**PROPOSED ORDER**

AND NOW, this _____ day of May 2026 upon consideration of Plaintiff's Motion for Protective Order and to Seal Sensitive Information, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The Clerk of Court is directed to seal the following documents, or the portions thereof that contain information from the sealed/expunged records of the Court of Common Pleas of Lehigh County, Pennsylvania, in Commonwealth v. Antoine Poteat, Case No. 3752/2014:

· ECF No. 24 (and attached exhibits ECF Nos. 24-1, 24-2);

· ECF No. 55;

· ECF No. 57;

· ECF No. 65 (and attached exhibits A through G).

1

3. Plaintiff may file redacted versions of the exhibits (or a concise notice identifying the protected material) within thirty (30) days.

4. All parties and their counsel shall treat the sealed/expunged information as confidential, use it solely for purposes of this litigation, and destroy or return any copies (other than what remains in the court record) at the conclusion of the case.

5. This Order does not affect the Court's ability to consider the sealed materials in deciding any pending or future motions.

BY THE COURT:

_____

United States District Judge

*UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | |
|---|---|
| | :   CIVIL ACTION |
| ANTOINE POTEAT, | : Plaintiff, |
| | : |
| | : |
| v. | :   No. 21-cv-3117-JFL |
| | : |
| | : |
| GERALD LYDON, et al., | : |
| Defendants. | : |
| | : |

## MOTION FOR PROTECTIVE ORDER AND TO SEAL SENSITIVE INFORMATION CONTAINED IN MULTIPLE COURT FILINGS

NOW COMES Plaintiff, Antoine Poteat, pro se, and respectfully moves this Court for entry of a protective order and an order sealing sensitive, legally protected information that appears in several filings on the docket of this case. In support, Plaintiff states:

## I. INTRODUCTION

1. On July 2, 2019, the Court of Common Pleas of Lehigh County, Pennsylvania, granted Plaintiff's Post-Conviction Relief Act petition, vacated his judgment of sentence, and dismissed all charges in *Commonwealth v. Antoine Poteat,* Case No. 3752/2014 (Lehigh Cnty. Ct. Com. Pl.). The state court subsequently ordered that

1

the records of those criminal proceedings be sealed or expunged under Pennsylvania law. *See 18 Pa.C.S. § 9122.*

2. Despite the state court's sealing/expungement order, documents that are part of—or contain information derived from—those sealed/expunged records have been filed on the public docket of this federal case. These documents appear in filings by both Plaintiff and Defendants.

3. Specifically, the protected information appears in:

· ECF No. 24 (Defendants' Motion to Dismiss, filed Sept. 24, 2021), and its attached exhibits, including the Affidavit of Probable Cause, Search Warrant, and the Lehigh County Court of Common Pleas Order and Opinion;

· ECF No. 55 (Plaintiff's original Rule 60(b)(6) Motion, filed Oct. 3, 2024);

· ECF No. 57 (Plaintiff's Amended Rule 60(b)(6) Motion, filed Oct. 28, 2024);

· ECF No. 65 (Plaintiff's second Amended Rule 60(b)(6) Motion, filed Dec. 6, 2024) and its Exhibits A through G.

4. Because these records are sealed or expunged by a competent state court, their continued public availability on the federal docket violates Pennsylvania law and undermines the state court's order. The parties who first filed them (including

Defendants) did so without any apparent protective request, and Plaintiff now seeks to correct this situation for all affected filings.

5. Plaintiff requests that the Court seal the portions of these filings that contain or derive from the sealed/expunged Lehigh County criminal records, and enter a protective order limiting use and disclosure of that information to this litigation only.

## II. FACTUAL BACKGROUND

1. The underlying state criminal case—*Commonwealth v. Antoine Poteat,* Case No. 3752/2014—ended when the Lehigh County Court of Common Pleas granted Plaintiff's PCRA petition and dismissed all charges with prejudice. (Order, July 2, 2019, attached to ECF No. 24-2). The state court's ruling had nothing to do with the merits of the original charges—it was based on a violation of Pennsylvania's speedy trial rule, Pa.R.Crim.P. 600. (Opinion at 6, attached to ECF No. 24-2).

2. Following that dismissal, the Lehigh County records were sealed or expunged in accordance with Pennsylvania law. Those records include, but are not limited to, the Criminal Complaint, Affidavit of Probable Cause, Search Warrant and Application, police incident reports, docket sheets, and the PCRA court's Opinion and Order.

3. In this federal civil rights action, Defendants themselves attached many of those same records as exhibits to their first Motion to Dismiss. See ECF No. 24-1

3

(Search Warrant and Affidavit of Probable Cause); ECF No. 24-2 (Lehigh County Order and Opinion). Defendants filed those exhibits publicly, without any motion to seal.

4. Plaintiff later attached similar or identical documents to his Rule 60(b)(6) motions. See ECF No. 55 (original motion and proposed amended complaint); ECF No. 57 (amended motion); ECF No. 65 (the operative amended motion, with exhibits including the Criminal Complaint, Affidavit of Probable Cause, Search Warrant, police reports, docket sheets, and the PCRA court's opinion and order).

5. Plaintiff included those materials in good faith because they were already part of the record in this case and he believed they were necessary to support his claims. Nevertheless, their continued public presence on the docket is inconsistent with the state court's sealing/expungement order.

6. No party sought sealing of these records when they were first filed in 2021, and the Court has not yet addressed the issue. Given the pending Rule 60(b)(6) motion (ECF No. 65), the time is appropriate to correct the record.

## III. LEGAL STANDARDS

1. Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "requiring

4

that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Protecting information that a state court has sealed or expunged falls comfortably within this authority.

2. Federal courts also possess inherent authority to seal court records to protect privacy interests and to honor state confidentiality mandates. This authority extends to sealing materials that were previously filed without restriction.

3. The Eastern District of Pennsylvania Local Rules likewise provide a mechanism for sealing. Although Local Rule 5.1.5 requires a separate motion and a showing of good cause, the rule exists to protect sensitive information from unnecessary public disclosure. Good cause is shown here because:

· The records are sealed or expunged under Pennsylvania law;

· Continued public access would circumvent the state court's order;

· The parties who originally filed the records on the public docket did so inadvertently; and

· No party will be prejudiced by sealing because the Court can still review the records, and Defendants themselves already have access to them.

5

1. The "good cause" standard is satisfied when "the party seeking the protective order shows that disclosure will work a clearly defined and serious injury." *Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).* Here, disclosure of sealed/expunged criminal records—records that state law deems no longer public—subjects Plaintiff to the very stigma and harm that the expungement statute was designed to prevent. That is precisely the sort of "clearly defined and serious injury" that sealing is meant to prevent.

## IV. ARGUMENT

1. The State Court's Sealing/Expungement Order Must Be Respected.

The Lehigh County Court of Common Pleas has already determined that the records in *Commonwealth v. Antoine Poteat,* Case No. 3752/2014, should be sealed or expunged. Pennsylvania law directs that such records "shall not be disseminated" and that employers, licensing agencies, and others may not use them. 18 Pa.C.S. § 9122. Allowing those same records to remain publicly accessible on the federal docket effectively nullifies the state court's order and the protections of Pennsylvania law.

2. The Information Appears in Filings by Both Sides.

This is not a situation where only one party disclosed protected material. Defendants themselves filed the Affidavit of Probable Cause, Search Warrant, and

the PCRA Opinion and Order as exhibits to their motion in 2021. (ECF No. 24). Those documents are now part of the public record. Plaintiff's subsequent filings merely duplicated some of the same records. A comprehensive sealing order—covering ECF Nos. 24, 55, 57, and 65—is necessary to protect the sealed information regardless of who filed it first.

3. No Party Will Be Prejudiced by Sealing.

Defendants and their counsel already possess the documents in question; they attached them to their own motion. The Court can still consider the sealed records for purposes of deciding the pending Rule 60(b)(6) motion. The only effect of sealing is to prevent public access to information that state law deems confidential. All parties retain full ability to litigate their positions.

4. Good Cause Exists under Federal Law.

The public disclosure of sealed/expunged records causes ongoing harm to Plaintiff by perpetuating the stigma of a conviction that has been legally erased. That harm is precisely the "clearly defined and serious injury" required by Third Circuit precedent. Pansy, 23 F.3d at 786. Good cause therefore exists for both a protective order and an order sealing the affected filings.

5. Less Drastic Alternatives Are Available.

Plaintiff seeks permission to file redacted versions of the exhibits that omit the specific details drawn from the sealed/expunged records. Alternatively, the Court could direct the Clerk to seal the exhibits in their entirety and allow the parties to summarize the relevant facts without disclosing the protected details. Either course would protect the state court's order while preserving the record for this Court's review.

## V. CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

a) Enter an order sealing the portions of the following filings that contain or derive from the sealed/expunged records of the Lehigh County Court of Common Pleas in Commonwealth v. Antoine Poteat, Case No. 3752/2014:

· ECF No. 24 (Motion to Dismiss by Commonwealth Defendants) and its exhibits (ECF Nos. 24-1, 24-2);

· ECF No. 55 (Plaintiff's original Rule 60(b)(6) Motion);

· ECF No. 57 (Plaintiff's Amended Rule 60(b)(6) Motion);

· ECF No. 65 (Plaintiff's Second Amended Rule 60(b)(6) Motion) and its Exhibits A through G;

8

b) Direct the Clerk of Court to restrict public access to those portions of the record, making them viewable only by the Court and the parties to this litigation;

c) Permit Plaintiff to file redacted versions of the exhibits (or a concise notice identifying the protected material) within thirty (30) days of the Court's order;

d) Enter a protective order providing that all parties and their counsel shall treat the sealed/expunged information as confidential, use it solely for purposes of this litigation, and destroy or return such material (other than what remains under seal in the court record) upon the conclusion of this case; and

e) Grant such other and further relief as the Court deems just and prope

DATED: May 5, 2026.                               Respectfully Submitted,

                                                  *Antoine Poteat*

                                                  Antoine Poteat

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th  day of May in 2026, a true and correct copy

of the foregoing motion was served via ECF to opposing parties.

DATED: May 5, 2026.                                Respectfully Submitted,


_____

Antoine Poteat
435 Merchant Walk Sq.
Suite 300-541
Charlottesville, VA 22901
Poteatlaw@gmail.com
*Pro Se*

10