UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| ANTOINE POTEAT, | : | |
|    Plaintiff, | : | |
| | : | |
|    v. | : | No. 21-cv-3117-JFL |
| | : | |
| | : | |
| GERALD LYDON, et al., | : | |
|    Defendants. | : | |
| | : | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Leave to Supplement Pending Amended Rule 60(b)(6) Motion, and for good cause shown, it is hereby ORDERED that:

1. The Motion is GRANTED;

2. The attached Supplemental Memorandum (Exhibit A) is accepted for filing and shall be deemed part of the record for purposes of the Court's consideration of Plaintiff's Amended Rule 60(b)(6) Motion;

1

3. The Clerk shall docket the Supplemental Memorandum accordingly.

IT IS SO ORDERED.

Dated: _____

Hon. Joseph F. Leeson, Jr.

United States District Judge

.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| ANTOINE POTEAT,<br>    Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | No. 21-cv-3117-JFL |
| | : | |
| | : | |
| GERALD LYDON, et al.,<br>    Defendants. | : | |
| | : | |

## MOTION FOR LEAVE TO SUPPLEMENT PENDING AMENDED

## RULE 60(b)(6) MOTION

Plaintiff Antoine Poteat, proceeding pro se, respectfully moves for leave to supplement his Amended Rule 60(b)(6) Motion, filed in October 2024 and still pending before this Court. In support, Plaintiff states:

## I. BACKGROUND

In October 2024, Plaintiff filed an Amended Rule 60(b)(6) Motion seeking relief from the final judgment on the ground that a series of intervening Supreme Court

1

and Third Circuit decisions constitute extraordinary circumstances warranting vacatur and leave to amend. That motion remains undecided.

Since the Amended Motion was filed, a new, authoritative decision of the United States Supreme Court has issued that directly bears on a critical jurisdictional error that prevented meaningful appellate review in this case. Additionally, the Third Circuit has itself subsequently acknowledged a principle that undermines the jurisdictional ruling in Plaintiff's earlier appeal. These developments reinforce the "extraordinary circumstances" already presented, and Plaintiff seeks leave to bring them to the Court's attention via a supplemental memorandum.

## II. INTERVENING AUTHORITY WARRANTING SUPPLEMENTATION

A. *Parrish v. United States*

On June 12, 2025, the Supreme Court decided *Parrish v. United States, 605 U.S. __ (2025)*. The Court held that a notice of appeal filed before a court reopens the appeal period need not be followed by a second notice after reopening; the original notice "relates forward" to the date reopening is granted. Id., slip op. at 1. The Court emphasized that "premature but adequate notices of appeal should relate forward to the entry of the document that makes an appeal possible," and that this principle exists to avoid "dismissing appeals based on mere technicalities when 'no genuine

2

doubt exists about who is appealing, from what judgment, and to which appellate court.'" Id. at 6-7 (quoting *Becker v. Montgomery, 532 U.S. 757, 767-768 (2001)).*

The reasoning of *Parrish* directly undermines the jurisdictional ruling in Plaintiff's prior appeal (No. 22-2114). There, the Third Circuit held that it lacked jurisdiction to review the District Court's August 9, 2022 Rule 59(e) reconsideration order because Plaintiff had not filed a new notice of appeal from that order—despite the fact that Plaintiff's intent to seek review of the final outcome on his malicious prosecution claim was unmistakable, and despite Plaintiff having filed an amended notice of appeal in the District Court. The rigid application of the technical rule that Parrish now repudiates prevented any appellate court from ever reviewing the District Court's post-*Thompson* analysis.

B. *Ross v. Administrator East Jersey State Prison*

In addition, the Third Circuit itself has since acknowledged that a timely Rule 59(e) motion "merges with that judgment for appellate review." *Ross v. Adm'r E. Jersey State Prison, 118 F.4th 553, 563 (3d Cir. 2024)*. Under that merger principle, the August 9, 2022 reconsideration order was not a new, separately appealable event; it was part and parcel of the final judgment from which Plaintiff had already appealed. This further confirms that the jurisdictional barrier erected in

3

Plaintiff's earlier appeal was erroneous, and that Plaintiff's claims have been denied appellate review on a procedural basis that the Circuit itself has not consistently applied.

C. The Cascade of Intervening Decisions and the Principle of Retroactivity

These procedural developments join the substantial intervening substantive decisions already cited in the Amended Motion—*Thompson v. Clark, Chiaverini v. City of Napoleon, Gonzalez v. Trevino, Pinkey v. Meadville, Roberts v. Lau, and Corner Post, Inc. v. Board of Governors.* Under *Harper v. Virginia Department of Taxation, 509 U.S. 86, 94 (1993),* judicial decisions apply retroactively to pending cases, and the correct standards announced in those decisions must govern Plaintiff's claims.

The cumulative weight of these authorities—both procedural and substantive— reinforces that the judgment under attack rests on legal foundations that no longer command judicial acceptance. These developments collectively constitute the kind of "extraordinary circumstances" that Rule 60(b)(6) is designed to remedy. *See Cox v. Horn, 757 F.3d 113, 121-22 (3d Cir. 2014).*

4

## III. LEAVE TO SUPPLEMENT SHOULD BE FREELY GRANTED

Courts possess inherent authority to permit supplementation of pending motions, particularly where new, controlling authority has issued. Granting leave here will promote a complete and just resolution of the Amended Rule 60(b)(6) Motion by ensuring that the Court has before it all relevant, up-to-date precedent.

There is no prejudice to Defendants. Defendants will have a full opportunity to respond when the Court sets a briefing schedule on the Amended Motion (or, if the Court prefers, they may respond specifically to the supplemental filing).

This motion is made well within one year of the Supreme Court's decision in *Parrish v. United States* (issued June 12, 2025). The promptness of this request underscores Plaintiff's diligence and confirms that the proposed supplementation is timely under all applicable standards. A motion for relief under Rule 60(b)(6) must be made within a reasonable time, and the one-year benchmark—while directly applicable to motions under Rule 60(b)(1)–(3)—serves as a recognized measure of diligence. Plaintiff's filing, coming within days of the new authority, easily satisfies that standard.

5

**CONCLUSION**

Plaintiff respectfully requests that the Court:

1. Grant leave to supplement the pending Amended Rule 60(b)(6) Motion with the attached Supplemental Memorandum (Exhibit A);

2. Direct that the Supplemental Memorandum be deemed part of the record for purposes of deciding the Amended Motion; and

3. Grant such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June in 2026, a true and correct copy of the foregoing Motion for leave to supplement pending amended rule 60(b)(6) motion as served via ECF to opposing parties.

DATED: June 12, 2026.                    Respectfully Submitted,


*Antoine Poteat*

Antoine Poteat

435 Merchant Walk Sq.
Suite 300-541
Charlottesville, VA 22901
Poteatlaw@gmail.com
Pro Se

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

|  |  |
|---|---|
| ANTOINE POTEAT,<br>       Plaintiff, | :    CIVIL ACTION<br>:<br>: |
| v. | :    No. 21-cv-3117-JFL<br>: |
| GERALD LYDON, et al.,<br>       Defendants. | :<br>:<br>: |

---

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF AMENDED

## RULE 60(b)(6) MOTION

Plaintiff Antoine Poteat respectfully submits this Supplemental Memorandum to bring to the Court's attention a critical intervening decision of the Supreme Court of the *United States—Parrish v. United States, 605 U.S. __ (2025)*—and a subsequent Third Circuit decision—*Ross v. Administrator East Jersey State Prison, 118 F.4th 553 (3d Cir. 2024)*—that directly undermine the jurisdictional barrier that prevented full appellate review of the District Court's August 9, 2022 Rule 59(e) order. These new authorities, considered together with the cascade of intervening substantive decisions already cited in the Amended Rule 60(b)(6) Motion and the retroactivity doctrine of *Harper v. Virginia Department of Taxation, 509 U.S. 86 (1993)*, confirm

1

that the final judgment rests on procedural and substantive foundations that are no longer legally tenable.

## I. THE THIRD CIRCUIT'S JURISDICTIONAL RULING PRECLUDED APPELLATE REVIEW OF THE RULE 59(e) ORDER

Following the dismissal of Plaintiff's Amended Complaint on May 20, 2022, Plaintiff filed a timely Rule 59(e) motion arguing including but not limited to the Supreme Court's decision in *Thompson v. Clark, 142 S.Ct. 1332 (2022),* required reconsideration of his malicious prosecution claim.

The District Court granted reconsideration in part on August 9, 2022, issuing a new rationale for dismissing the claim with prejudice. (ECF No. 53.) That ruling has never been reviewed on the merits by any appellate court.

On appeal, the Third Circuit held that it lacked jurisdiction to review the August 9, 2022 order because Plaintiff had not filed a new or amended notice of appeal from that specific order. (No. 22-2114.) The panel relied on Federal Rule of Appellate Procedure 4(a)(4)(B)(ii) and *Carrascosa v. McGuire, 520 F.3d 249 (3d Cir. 2008).*

Meanwhile, the Third Circuit has itself subsequently recognized that "a timely Rule 59(e) motion merges with that judgment for appellate review." *Ross v. Adm'r*

*E. Jersey State Prison, 118 F.4th 553, 563 (3d Cir. 2024).* That principle is difficult to reconcile with the rigid jurisdictional barrier imposed in Plaintiff's case.

## II. PARRISH v. UNITED STATES REPUDIATES THE JURISDICTIONAL TECHNICALITY THAT BARRED REVIEW

In Parrish, the Supreme Court resolved a circuit conflict over premature notices of appeal and held that a litigant who files a notice of appeal before the court reopens the appeal period "need not file a second notice after reopening." *Parrish*, slip op. at 1. The Court explained that "premature but adequate notices of appeal should relate forward to the entry of the document that makes an appeal possible," and that this settled principle prevents "dismissing appeals based on mere technicalities when 'no genuine doubt exists about who is appealing, from what judgment, and to which appellate court.'" Id. at 6-7 (quoting *Becker v. Montgomery, 532 U.S. 757, 767-768 (2001)).*

The *Parrish* decision confirms that rigid, hyper-technical application of appellate rules to defeat jurisdiction—where the appellant's intent is clear—is inconsistent with longstanding Supreme Court precedent. The decision rejects the notion that a party must always file a second, duplicative notice to preserve appellate rights. Id. at 8-13.

## III. APPLICATION TO THIS CASE

Plaintiff's original notice of appeal clearly sought review of the final judgment dismissing his malicious prosecution claim. After the District Court's Rule 59(e) order, Plaintiff filed an amended notice of appeal in the District Court, but the Third Circuit nevertheless held that jurisdiction over the reconsideration order was lacking.

Under *Parrish*, Plaintiff's filings—which fairly apprised all parties and the court of his intent to appeal the final adverse determination on his malicious prosecution claim—should have been deemed sufficient to confer jurisdiction over the Rule 59(e) order. There was never any genuine doubt about who was appealing, from what judgment, or to which appellate court. The jurisdictional barrier erected by the Third Circuit thus rested on a procedural technicality that *Parrish* now squarely repudiates.

The Third Circuit's own merger rule in *Ross* provides an independent basis for concluding that the August 9, 2022 order was not a new, separately appealable event, but merged with the final judgment already on appeal. The fact that the Circuit has itself embraced this principle while simultaneously denying Plaintiff review demonstrates the kind of inconsistency and injustice that Rule 60(b)(6) is designed to remedy.

4

## IV.  THESE DEVELOPMENTS CONSTITUTE EXTRAORDINARY CIRCUMSTANCES

It is settled in this Circuit that an intervening change in controlling law, particularly one that reveals a fundamental jurisdictional error, may constitute an extraordinary circumstance under Rule 60(b)(6). *Cox v. Horn, 757 F.3d 113, 121-22 (3d Cir. 2014); Satterfield v. District Attorney Philadelphia, 872 F.3d 152, 158 (3d Cir. 2017)*. The combined effect of *Parrish* and *Ross* meets that standard.

These procedural developments reinforce the substantive intervening decisions already cited—*Thompson, Chiaverini, Gonzalez v. Trevino, Pinkey v. Meadville, Roberts v. Lau, and Corner Post*—which have fundamentally altered the legal landscape for malicious prosecution, probable cause, and immunity. Under the retroactivity doctrine, these decisions apply to Plaintiff's case. *Harper, 509 U.S. at 94.*

The cumulative weight of these authorities demonstrates that the final judgment rests on procedural and substantive foundations that the Supreme Court and the Third Circuit have since undermined or expressly rejected. Denying relief would leave a citizen's constitutional claims—now clearly viable—permanently unheard, a result Rule 60(b)(6) exists to prevent.

5

**CONCLUSION**

Plaintiff respectfully submits this supplemental authority and argument in support of his pending Amended Rule 60(b)(6) Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June in 2026, a true and correct copy of the foregoing supplement memorandum in support of pending amended rule 60(b)(6) motion as served via ECF to opposing parties.

DATED: June 12, 2026.                               Respectfully Submitted,

Antoine Poteat

435 Merchant Walk Sq.
Suite 300-541
Charlottesville, VA 22901
Poteatlaw@gmail.com
Pro Se

EXHIBIT A

6