UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ANTOINE POTEAT,                         :
              Plaintiff,                :
                                        :
       v.                               :        No. 5:21-cv-3117
                                        :
GERALD LYDON, *et al.*,                 :
              Defendants.               :

_____

**O P I N I O N**
**Plaintiff Antoine Poteat's Motion for Leave to Supplement [the] Pending Amended Rule
60(b)(6) Motion, ECF No. 86 - Granted**
**Plaintiff Antoine Poteat's Amended Rule 60(b)(6) Motion for Relief, ECF No. 65 – Denied**

**Joseph F. Leeson, Jr.**                              **July 24, 2026**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Antoine Poteat, *pro se*, brought various constitutional and tort claims against

more than a dozen Defendants, many of whom were employed by the Pennsylvania State Police

or the Lehigh County District Attorney's Office, and this Court previously dismissed all claims

with prejudice. Now pending before the Court is Poteat's Second Amended Motion for Relief

from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), and a Motion for Leave to

Supplement his Rule 60 Motion. For the reasons set forth herein, the Court will grant the request

to supplement and deny the Rule 60(b)(6) Motion.

## II.    BACKGROUND[1]

On February 20, 2013, Poteat was pulled over by Defendant Gerald Lydon. *See* Am. Compl. ¶ 7, ECF No. 39. During the traffic stop, Lydon believed he smelled marijuana coming from Poteat's vehicle. *See id.* Thereafter, two officers arrived with a K-9, and asked Poteat to step out of his vehicle. *See id.* Lydon issued Poteat a warning for the traffic violation and informed Poteat that he was free to leave. *See id.* Lydon then asked Poteat if anything illegal was in the vehicle. *See id.* Poteat denied having anything illegal in the car and did not consent to a search. *See id.* Poteat continued to refuse a search of the vehicle, so the officers walked the K-9 around the vehicle. *See id.* Lydon told Poteat that the K-9 alerted on the vehicle, and Lydon indicated that he would be applying for a search warrant for Poteat's vehicle. *See id.* Poteat agreed to go to the Pennsylvania State Police barracks where his vehicle would be towed. *See id.* While in the back of the police car, Poteat alleges that he saw one of the officers enter his vehicle and move items from the armrest to the passenger seat. *See id.*

Once at the barracks, Lydon applied for a search warrant, which was later approved by a magistrate judge. *See id.* ¶ 8. That evening, Lydon and other officers searched Poteat's vehicle and seized two plastic bags of suspected cocaine and two bags of suspected marijuana, among other items. *See id.* On February 26, 2013, Lydon filed charges against Poteat. *See id.* While processing Poteat, Lydon included the extradition code "SSO" or "Surrounding States Only," despite allegedly "knowing Poteat's address." *See id.* In a seemingly unrelated criminal case, Poteat was arrested pursuant to a warrant on May 27, 2014, in Maryland. *See id.* Poteat was taken into custody at the Harford County Detention Center and served extradition papers for

---

[1]    This background is taken, in large part, from allegations in Poteat's Amended Complaint. *See* Am. Compl., ECF No. 39. The Court notes that the Amended Complaint appears to be a copied reproduction of the "Background" section in this Court's January 7, 2022 Opinion granting Defendants' Motion to Dismiss the initial Complaint. *See id.*

charges in Virginia. *See id.* While there, Poteat alleges, "no detainer nor extradition proceedings were brought by Pennsylvania authorities to bring Poteat to Pennsylvania." *See id.*

On May 29, 2014, Poteat was extradited to Virginia. *See id.* ¶ 9. There was a temporary disagreement over whether Poteat would be extradited to Pennsylvania for the charges stemming from February 2013. *See id.* Eventually, on July 16, 2014, Poteat was extradited to Pennsylvania. *See id.* On August 5, 2015, Lydon again applied for a search warrant relating to Poteat's Pennsylvania charges, but it is unclear what that warrant related to. *See id.* ¶ 10. On September 21, 2015, Poteat was convicted on all counts in a non-jury trial. *See id.* On October 10, 2015, Poteat was sentenced to 5-10 years' incarceration. *See id.* The Pennsylvania Superior Court affirmed his conviction, and Poteat's petitions for Pennsylvania Supreme Court review and United States Supreme Court review were both denied. *See id.*

On September 21, 2018, Poteat filed a PCRA petition. *See id.* ¶ 11. On July 8, 2019,[2] the PCRA court determined that the Commonwealth had violated Rule 600 of the Pennsylvania Rules of Criminal Procedure (the speedy trial rule), and accordingly, the PCRA court vacated Poteat's sentence. *See id.* On July 9, 2019, Poteat was released from prison. *See id.*

## III.    PROCEDURAL HISTORY

On July 12, 2021, Poteat filed his first Complaint before this Court, asserting five counts against more than a dozen Defendants. *See* Compl., ECF No. 1. Poteat asserted various constitutional and tort claims related to the search of his vehicle, his arrest, his extradition, and

---

[2]    The order vacating Poteat's sentence, which Defendants attached to their earlier motion to dismiss, is dated July 2, 2019. *See* ECF No. 24-2 at Ex. B. However, it is possible that Poteat did not receive notice of this Order until July 8, 2019.

his prosecution. *See id.* Upon motions by the named Defendants, this Court dismissed Plaintiff's initial Complaint on January 7, 2022.[3] *See* ECF Nos. 29-30.

On March 8, 2022, Poteat filed an Amended Complaint, alleging similar constitutional and tort claims. *See* ECF No. 39. On motions from Defendants, the Court dismissed the Amended Complaint with prejudice on May 20, 2022. *See* ECF Nos. 44-45. On June 13, 2022, Poteat filed a Motion for Reconsideration of this Court's May 20, 2022 decision. *See* ECF Nos. 46, 49. In an Order and Opinion dated August 9, 2022, this Court reconsidered Poteat's malicious prosecution claim, only, and again dismissed it with prejudice; the Court denied reconsideration as to all other claims. *See* ECF Nos. 52, 53.

Poteat has also (simultaneously) filed several appeals of this Court's Orders and Opinions, and several motions for relief under Fed. R. Civ. P. 60. On June 13, 2022, he appealed the Court's May 20, 2022 Order and Opinion dismissing the Amended Complaint with prejudice. *See* ECF No. 47. On October 11, 2023,[4] the Third Circuit affirmed this Court's May 20, 2022 decision.[5] *See* ECF No. 54. The Third Circuit denied Poteat's petition for a rehearing on or about October 25, 2023. *See* Motion ¶ 18, ECF No. 65.

---

[3]    As a result of this January 7, 2022 Opinion and Order, Poteat's Fourth Amendment claim (Count I) false imprisonment claim (Count IV) in the Complaint were dismissed with prejudice as against all Defendants. The remaining claims were dismissed without prejudice and with leave to amend.

[4]    This Third Circuit Opinion is dated October 11, 2023, but was docketed in this Court on November 16, 2023. *See* ECF No. 54.

[5]    In its October 11, 2023 Opinion, the Court of Appeals for the Third Circuit affirmed this Court's May 20, 2022 decision and found as follows: that Poteat's Amended Complaint had failed to assert that specific defendants had personal involvement in the alleged wrongdoing; that Poteat's claims against Lydon were time barred under the two-year statute of limitations applicable to Section 1983 claims; that state sovereign immunity barred Poteat's suits against the Pennsylvania State Police (PSP) defendants; that Poteat had failed to state a claim for municipal liability against the Lehigh County District Attorney's Office (DA) defendants; that Poteat's claims brought against the DA defendants in their individual capacities were barred by absolute prosecutorial immunity; and that the state law tort claims brought against the DA defendants, generally, were barred by common law tort immunity. *See* ECF No. 54.

On October 3, 2024, Poteat filed a Motion for Relief under Rule 60(b)(6). *See* ECF No. 55. On October 28, 2024, he filed an Amended Rule 60(b)(6) Motion. *See* ECF No. 57. Poteat amended his Rule 60(b)(6) Motion a second time on December 6, 2024, *see* Motion, ECF No. 65, and so the Court dismissed Poteat's prior two Rule 60(b) Motions as moot, on December 16, 2024, *see* ECF No. 67. On January 21, 2025, Poteat appealed from the "final judgment entered in this action on December 16, 2024" (referring to the Court's order mooting his first two Rule 60(b) Motions upon receiving his Second Amended Rule 60 Motion) *see* ECF No. 69, and contemporaneously filed a Motion to Alter or Amend the "Judgment entered on December 16, 2024" pursuant to Fed. R. Civ. P. 59(e), *see* ECF No. 68. Upon receiving clarification from the Clerk's Office in March 2025—that the Court's December 16, 2024 Order merely dismissed his first two Rule 60(b) Motions as moot, but left the Second Amended Rule 60(b) Motion (ECF No. 65) open for adjudication—Poteat moved to withdraw his Rule 59(e) Motion. *See* ECF No. 77. The Court granted this request and withdrew the Rule 59(e) Motion on March 20, 2025. *See* ECF No. 78.

On March 2, 2026, Poteat filed a "Motion for Indicative Ruling" on his pending Rule 60(b) Motion (ECF No. 65). *See* ECF No. 79. On March 11, 2026, the Court dismissed this Motion for lack of jurisdiction because Poteat's prior appeal (of the Court's December 16, 2024 Order, ECF No. 67) to the Third Circuit was still pending. *See* ECF No. 80. On March 12, 2026, Poteat field an Amended Notice of Appeal to the Third Circuit, *see* ECF No. 81, this time appealing the Court's December 16, 2024 Order, ECF No. 67 (again), and the Court's March 11, 2026 Order dismissing his Motion for Indicative Ruling, ECF No. 80.

072426

On April 1, 2026,[6] the Third Circuit affirmed this Court's December 16, 2024 Order, "discern[ing] no error in [this] Court's dismissal of Poteat's first two Rule 60(b) motions as moot after he filed a third amended Rule 60(b) motion that incorporated the arguments in his prior motions." *See* ECF No. 85. The Third Circuit has not yet addressed Poteat's appeal of this Court's March 11, 2026 Order dismissing his Motion for Indicative Ruling (for lack of jurisdiction during the pendency of his earlier appeal, *see* ECF No. 80); that narrow jurisdictional issue remains with the Third Circuit.

Currently pending before the Court are Poteat's Second Amended Rule 60(b)(6) Motion (hereinafter "Rule 60(b)(6) Motion" or "the Motion"), ECF No. 65, and his recent Motion for Leave to Supplement his Pending (Second) Amended Rule 60(b)(6) Motion, ECF No. 86. Poteat's Rule 60(b)(6) Motion is based on what he alleges are "change[s] in the controlling law," *See* Motion ¶ 22, and violations of his procedural due process rights, *id.* ¶ 31. Poteat's Rule 60(b)(6) arguments based on a change in law are summarized as follows.

First, Poteat argues that the law of probable cause was changed by *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556 (2024), *Gonzalez v. Trevino*, 602 U.S. 653 (2024), and *Pinkney v. Meadville, Pennsylvania*, 95 F.4th 743 (3d Cir. 2024). *See* Memorandum of Law in Support of Motion ("Pl. Br.") at 10, ECF No. 65 at 25.[7] Poteat says that, given this "new law," whether Defendants had probable cause to initiate criminal proceedings against him is questionable, but even if they did, such probable cause "ceased to exist" when the Commonwealth was found to

---

[6]    This Third Circuit Opinion is dated April 1, 2026, but was docketed in this Court on May 22, 2026. *See* ECF No. 85.

[7]    Poteat's Memorandum of Law in Support of his Rule 60 Motion was not given a separate docket number from the Motion, ECF No. 65, but is attached thereto and found on ECF page numbers 16 through 34. Reference to this Memorandum of Law in Support of the Motion will be made to "Pl. Br." and will use the pagination assigned to this document by Poteat, featured at the top of each page.

have violated the speedy trial rule under Pa. R. Crim. P. 600, and so it was unlawful for Defendants to detain Poteat after the time to try his case expired. *See id.* at 10-13. Second, Poteat argues that the law of immunity was changed by *Roberts v. Lau*, 90 F.4th 618 (3d Cir. 2024), *cert. denied sub nom. Baer v. Roberts*, 145 S. Ct. 414 (2024), *see* Pl. Br. at 13, and that the Court should have allowed Poteat's case to proceed to discovery before finding that certain Defendants were immune to suit; hence, dismissal was premature. *See id.* at 13-14. Third, Poteat argues that *Roberts v. Lau* further restricts absolute immunity only to state actors engaging in prosecutorial functions, *see* 90 F.4th 618, and that, since the Assistant District Attorney in his case engaged in "investigatory" tasks, the Court should not have found that he was entitled to absolute immunity. *See* Pl. Br. at 14-15. Fourth, Poteat argues that failing to timely try his case "is neither a prosecutor role nor an investigator role," so no Defendant should have been granted absolute immunity. *See id.* at 15-16. Fifth, Poteat argues that the statute of limitations for his claims was changed by *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve System*, 603 U.S. 799 (2024), and thus all of his claims previously dismissed as time-barred were actually timely. *See* Pl. Br. at 16-17. Poteat asks the Court to vacate its final dismissal, reinstate his case, and grant him leave to file a second amended complaint. *See* Pl. Br. at 18.

Separately, Poteat filed a Motion for Leave to Supplement the Pending Amended Rule 60(b)(6) Motion, to which he attaches a Supplemental Memorandum in Support of the Amended Rule 60(b)(6) Motion. *See* ECF No. 86. The Supplemental Memorandum argues that the United States Court of Appeals for the Third Circuit erred in one of two respects: in either its review of Poteat's arguments on appeal, or its declination to review certain appeals on jurisdictional grounds.[8]

---

[8]    Poteat's Supplemental Memorandum makes the following arguments: (1) that the Third Circuit's "jurisdictional ruling precluded appellate review of the Rule 59(e) Order"; (2) that

The narrow jurisdictional issue still on appeal concerns neither of the pending motions, so both are ready for review.[9]

## IV.   LEGAL STANDARDS

### A.  Motions under Fed. R. Civ. P. 60 – Review of Applicable Law

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;

---

*Parrish v. United States*, 605 U.S. 376 (2025), constitutes "intervening authority" which "repudiates the jurisdictional technicality that barred review" of some of Poteat's appeals by the Third Circuit; and (3) that these developments constitute "extraordinary circumstances" warranting Rule 60(b)(6) relief. *See* ECF No. 86. This Court grants Poteat's request to supplement his Rule 60(b)(6) Motion with this Memorandum and has reviewed it in conjunction with the Rule 60(b)(6) Motion, accordingly. Having now reviewed it, however, this Court cannot consider the arguments made within the Memorandum insofar as they ask this Court to opine on the validity of the Third Circuit's Orders on appeal. This (or any) District cannot review decisions or rulings of a United States Circuit Court of Appeal for error, and so this Court declines to do so. Notwithstanding this, Poteat's arguments in the Memorandum appear somewhat disjointed, as he (among other things) takes issue with the Third Circuit's refusal to review the merits of his Rule 59(e) Motion (ECF No. 68) and his Motion for Reconsideration (ECF Nos. 46, 49) on appeal, but Poteat *withdrew* his own Rule 59(e) Motion, *see* ECF No. 77, and did not appeal this Court's order granting that withdrawal, *see* ECF No. 78. Poteat also did not appeal this Court's Order and Opinion dated August 9, 2022, which granted reconsideration of Poteat's malicious prosecution claim, and again dismissed it with prejudice, denying reconsideration as to all other claims. *See* ECF Nos. 52, 53.

[9]     Since neither of these motions concerns the limited jurisdictional question on appeal (whether this Court erred in declining to rule on the pending Rule 60(b) motion while the Third Circuit was deciding Poteat's first appeal), the Court may render a decision on the Rule 60(b) Motion, ECF No. 65, and the Motion for Leave to Supplement, ECF No. 86.

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). A "reasonable time" to file a motion under Rule (60)(b) "is generally no more than a year after the entry of the judgment or order or the date of the proceeding," *See Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (internal quotations omitted)), but "the one-year limit does not explicitly apply to Rule 60(b)(6) motions," *id.* A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 WL 55176, *2 (E.D. Pa. 1999).

## V.    ANALYSIS[10]

### A.  The Rule 60(b)(6) Motion is timely.

As a preliminary matter, Poteat's Rule 60(b)(6) Motion is timely. Though it was filed on

December 6, 2024, *see* ECF No. 65, over two years after the Court dismissed the Amended

Complaint with prejudice, *see* ECF Nos. 44-45, it is an amendment to the original Rule 60(b)(6)

Motion, ECF No. 55, which was filed on October 3, 2024, and within a year of the Third

Circuit's decision affirming this Court's dismissal of the Amended Complaint, ECF No. 54, and

its denial of Poteat's petition for rehearing on the same (*i.e.*, the final judgment with respect to

the dismissal of Poteat's claims), Motion ¶ 18. *See* Fed. R. Civ. P. 60(c)(1). Even if Poteat's Rule

60(b) Motion had not been made within a year of final judgment,[11] it would still be timely

---

[10]    This Opinion addresses only Poteat's arguments which are brought properly before the Court at this time, *i.e.*, those that challenge the final judgment of this Court. Poteat's Motion "seek[s] relief from the dismissal motion order," of which there are two: (1) this Court's Order dated January 7, 2022, which in relevant part, dismissed Counts I and IV of Poteat's Complaint (a Fourth Amendment claim and false imprisonment claim, respectively) with prejudice as time barred, *see* ECF No. 30; and (2) this Court's Order dated May 20, 2022, which dismissed Poteat's entire Amended Complaint, and thus all remaining claims, with prejudice, *see* ECF No. 45. The Court notes that Poteat's motion, coupled with his brief, supplement, and exhibits, is over one hundred pages long and references several arguments which conflate legal concepts (ex. confusing wrongful seizure and malicious prosecution, *see* Motion ¶ 33) and cite to dicta in various cases whilst suggesting that those quotes (unrepresentative of any legal holding) represent a change in the law on which his final judgments in this case rest, and without drawing a connection between the dicta and the relief he seeks (ex. misquoting *Corner Post, Inc. v. Bd. of Governors of Federal Reserve System*, 603 U.S. 799 (2024) for the "holding" that Black's Law Dictionary says an action accrues when a "cause of action" is "complete and present," and thus all of Poteat's claims "dismissed on statute of limitations should be reviewed and reinstated under *Corner Post*[,]" *see* Motion at ¶¶ 50-51). The Court has reviewed all of Poteat's arguments in depth but discusses in this Opinion only those that are properly attempted according to the purpose of a Rule 60(b)(6) Motion—to seek relief from the actual final judgments in this case, based on some extraordinary circumstance "that justifies relief."

[11]    The Court notes that, technically, the Third Circuit's affirmance of this Court's May 20, 2022 decision and its denial of rehearing created a "final judgment" date on or around October 25, 2023 *as to all but two* of Poteat's claims. This Court dismissed Poteat's Fourth Amendment and false imprisonment claims with prejudice in its earlier order, dated January 7, 2022, which Poteat did not appeal. The subject of Poteat's appeal to the Third Circuit in 2022-2023 was an appeal of this Court's May 20, 2022 Order dismissing the *remaining* claims with prejudice; the

because the one-year limitations period applies only to motions brought pursuant to paragraphs (1) through (3) of Rule 60(b), and Poteat brought his motion pursuant to Rule 60(b)(6). *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210-11 (2025) ("A party seeking relief based on the grounds covered by paragraphs (1) through (3) [of Rule 60(b)]—*i.e.*, mistake or excusable neglect, new evidence, or fraud—faces a 1-year limitations period[.] That time bar, however, does not apply to motions for relief filed under Rule 60(b)'s other paragraphs, including Rule 60(b)(6).") (internal citations omitted). A Rule 60(b)(6) motion need only be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), which could be several years from the date of final judgment, *see BLOM Bank SAL*, 605 U.S. at 215 ("[A] motion under Rule 60(b)(6) in particular may threaten final judgments years after they are entered.") (citing Fed. R. Civ. P. 60(c)(1)).

The Third Circuit has cautioned that where a motion for 60(b)(6) relief is based on a precedential decision marking a change in controlling law, it must be brought within a reasonable time from the date of that decision, or the motion will fail. *Cox v. Horn*, 757 F.3d 113, 116 (3d Cir. 2014). The Third Circuit has before found that a Rule 60(b)(6) motion brought ninety-two days after a court decision marking a change in applicable law was "close enough to that decision to be deemed reasonable" under Fed. R. Civ. P. 60(c)(1). *See id*. Yet, courts within the Third Circuit have found that a Rule 60(b)(6) motion brought roughly two years after a change in applicable law was not brought within a reasonable time. *See Ortiz v. Pierce*, No. 08-

---

Court's January 2022 Order was not made part of this appeal. Thus, January 7, 2022 can be said to be the final judgment date with respect to Poteat's Fourth Amendment and false imprisonment claims—potentially making any Rule 60(b)(6) arguments for relief from *that* final judgment untimely. Nevertheless, the Court also recognizes that the January 7, 2022 Order can easily be labeled a "non-final" order, given that it dismissed other claims without prejudice and allowed Poteat to amend his pleading. So the Court proceeds here as though the final judgment for all of Poteat's claims was in late October of 2023. Considering this, and given that Poteat is also moving for Rule 60 relief on the basis of "new law" issued in 2024, the Court finds the current Rule 60(b)(6) Motion timely.

cv-487, 2014 WL 3909138, at *2 (D. Del. Aug. 11, 2014) (citing *Cox*, 757 F.3d at 116); *see also*

*Rhone v. Larkins*, No. 99-cv-743, 2016 WL 3181757, at *5 (E.D. Pa. June 8, 2016) (finding that

three and a half years was not a reasonable time to bring a Rule 60(b)(6) motion); *Coades v.*

*Chester Cnty. Ct. PA-Trial Ct.*, No. 12-cv-2660, 2015 WL 3947495, at *3 (E.D. Pa. June 26,

2015) (finding that two years was not a reasonable time to bring a Rule 60(b)(6) motion).

Here, Poteat's Rule 60(b)(6) Motion cites to roughly five cases which he asserts mark a

"change in controlling law," the earliest of which was an opinion dated January 2024, *see*

*Roberts v. Lau*, 90 F.4th 618 (3d Cir. 2024), and the latest of which was dated July 2024, *see*

*Corner Post, Inc. v. Bd. of Governors of Fed. Reserve System*, 603 U.S. 799 (2024). Though

Poteat's Second Amended Rule 60(b)(6) Motion was filed in December of 2024, roughly eleven

months after the *Roberts* decision and five months after the *Corner Post* decision, the Court finds

that this is still within a reasonable time. Plus, Poteat's Supplemental Memorandum, filed on

June 12, 2026, *see* ECF No. 86, cites to additional cases which he asserts mark a "change in

controlling law," the most recent of which was decided in June of 2025, *see Parrish v. United*

*States*, 605 U.S. 376 (2025).

### B. Poteat does not highlight a change in the controlling law on probable cause.

In his Motion, Poteat argues first that the law of probable cause was changed by

*Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556 (2024), *Gonzalez v. Trevino*, 602 U.S. 653

(2024), and *Pinkney v. Meadville, Pennsylvania*, 95 F.4th 743 (3d Cir. 2024). *See* Pl. Br. at 10.

Poteat contends that these cases show that even if his sentencing court, this Court, or the Third

Circuit found probable cause, that such probable cause "ceased to exist" when the

Commonwealth was found to have violated the speedy trial rule under Pa. R. Crim. P. 600, and

so it was unlawful for Defendants to detain Poteat after the time to try his case expired. *See id.* at

10-13. Fundamentally, however, the cases Poteat references do not represent a change in the controlling law of probable cause.

For instance, the United States Supreme Court in *Chiaverini* addressed the narrow question of whether, in the event a person is charged with multiple offenses and one is later determined to be invalid, the valid charges insulate the government official from a Fourth Amendment malicious prosecution claim relating to the *invalid* charge. *See* 602 U.S. at 558. The Court answered this question in the negative, finding that the presence of probable cause for one charge in a criminal proceeding does not categorically bar a Fourth Amendment malicious prosecution claim relating to a separate, invalid charge. *See id.* at 558-61.

In reconsidering and dismissing Poteat's malicious prosecution claim, this Court found that Poteat failed to allege that his underlying criminal proceedings were initiated without probable cause. *See* ECF No. 52 at 10-13. Specifically, the Court noted that Poteat's Amended Complaint "provides no substantive allegations that any of the Defendants knowingly, deliberately, or recklessly made false statements or omissions in obtaining the warrant for his arrest," and that "Poteat suggested that he was not challenging whether probable cause existed at the outset of the criminal proceedings," but instead argued "that probable cause 'expired' when the speedy trial clock expired." *See id.* at 11-12 (referencing ECF No. 42 ¶¶ 12-20). The same arguments are made in Poteat's Rule 60(b)(6) Motion.

At most, Poteat's Rule 60(b)(6) Motion suggests that one or more of his underlying charges *might* have been invalid, but this is not the same as bringing substantive allegations that Defendants lacked probable cause. Poteat suggests that whether Defendants had probable cause to initiate criminal proceedings against him was doubtful, and that the "question of the existence of probable cause is a question of fact for a jury at trial – not a question of law for this Court to determine." *See* Motion at 7. Poteat confuses a *probable cause* determination with this Court's

13
072426

conclusion that he failed to allege sufficient facts *in support of an inference* that Defendants lacked probable cause. This Court's dismissal of Poteat's malicious prosecution claim was based on this pleading deficiency. *Chiaverini* did not change the pleading requirements for malicious prosecution; it held only that the finding of probable cause for one charge does not defeat a malicious prosecution claim alleging the absence of probable cause for another charge. *See* 602 U.S. at 558-61. The *Chiaverini* case is thus inapplicable here, as it does not represent a change in the law on which this Court relied in dismissing the malicious prosecution claim.

Further, in *Pinkney v. Meadville* the court engaged in a probable cause determination, analyzing whether a government officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant." 95 F.4th at 748 (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). Yet, this is the same standard this Court applied in reconsidering and dismissing Poteat's malicious prosecution claim:

> "To prevail on a malicious prosecution claim where the plaintiff was held pursuant to a warrant, the plaintiff must show that the officers 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood in applying for a warrant.'" *See Quintana v. City of Philadelphia*, Civ. A. No. 17-0996, 2018 WL 3632144, at *6 (E.D. Pa. July 30, 2018) (quoting *Andrews v. Sculli*, 853 F.3d 690, 697 (3d Cir. 2017)). In his Amended Complaint, Poteat provides no substantive allegations that any of the Defendants knowingly, deliberately, or recklessly made false statements or omissions in obtaining the warrant for his arrest. Accordingly, Poteat failed to allege facts sufficient to show a lack of probable cause for his arrest.

*See* ECF No. 52 at 11-12. Thus, *Pinkney* also does not represent a "change in the controlling law" which would lead the Court to reach a different outcome with respect to dismissal.

Plus, *Gonzalez v. Trevino* is altogether inapplicable, as it concerns a retaliatory-arrest claim, which Poteat has not brought, and this Court did not consider.[12] 602 U.S. 653 (2024). Thus, it also does not represent a "change in the controlling law" relied upon in the final judgments of any of Poteat's claims.

Notwithstanding this, the thrust of Poteat's probable cause argument appears to be that the probable cause for his criminal proceedings "expired" upon the PCRA court finding that the Commonwealth violated the Speedy Trial Act, and thus, he argues, the "continuing confinement of [Poteat] lacked authority." *See* Pl. Br. at 10-13. Importantly, however, any period of Poteat's continued imprisonment was only unlawful *once* the PCRA court found that his speedy trial clock had run out. Prior to then, his imprisonment was not yet determined to be unlawful. On July 8, 2019, the PCRA court determined that the Commonwealth had violated Rule 600 of the Pennsylvania Rules of Criminal Procedure, and vacated Poteat's sentence. Am. Compl. ¶ 11. The Amended Complaint alleges that Poteat was released from prison *the next day*, on July 9, 2019. *See id.* Thus, no period of unlawful imprisonment following the nullification of his sentence has been alleged, and no new authority has been shown to warrant relief from the final dismissal of his claims.

**C. *Roberts v. Lau* did not change the controlling law on immunity.**

Poteat further argues that the law of immunity was changed by *Roberts v. Lau*, *see* Pl. Br. at 13, and that based on this new law, the Court should not have found that Defendants were

---

[12]    The Supreme Court in *Gonzalez v. Trevino* addressed the exception, under *Nieves v. Bartlett*, to the general rule that a plaintiff bringing a retaliatory-arrest claim based on protected activity must plead the absence of probable cause for the arrest. 602 U.S. 653, 657-58 (2024) (citing *Nieves v. Bartlett*, 587 U.S. 391, 402 (2019) (explaining that, as an exception to the rule, a retaliatory-arrest claim can survive dismissal if it concedes that officers had probable cause to arrest, but alleges that in like circumstances they typically exercised their discretion not to do so)).

immune to suit. *See id.* at 13-14 (citing 90 F.4th 618). The Court in *Roberts* made a fact-specific

determination that—where an Assistant District Attorney "took matters into his own hands by

joining the police investigation," locating a known jailhouse snitch, and eliciting false testimony

from him which was then used to falsely convict the plaintiff—the Assistant District Attorney

was not entitled to the absolute immunity typically available to prosecutors, because his actions

constituted an "investigatory" and not a "prosecutorial" function. *See* 90 F.4th at 623-30 (citing

*Fogle v. Sokol*, 957 F.3d 148, 163-64 (3d Cir. 2020)); *see also Kulwicki v. Dawson*, 969 F.2d

1454, 1463 (3d Cir. 1992) ("Absolute immunity attaches to all actions" that a prosecutor

"perform[s] in a 'quasi-judicial' role." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))).

Poteat argues that, based on the *Roberts* decision, the Lehigh County District Attorney

(D.A.) was not entitled to absolute immunity in this case because "tracking down and extraditing

[Poteat] on a surrounding states only warrant is an investigatory function to which prosecutorial

immunity does not attach." *See* Pl. Br. at 14. Yet, in alleging this, Poteat describes an attempt by

the D.A. to bring Poteat in on a warrant for the purpose of initiating criminal proceedings against

him. This does not "describe an investigator's work 'seeking to generate evidence in support of a

prosecution,'" *Roberts*, 90 F.4th at 625, but rather one "related to initiating and conducting

judicial proceedings," *id.* at 624 (citing *Weimer v. Cnty. of Fayette, Pennsylvania*, 972 F.3d 177,

187 (3d Cir. 2020)). Poteat also argues that "failing to perform a task," namely, failing to timely

try his case, "is neither a prosecutor role nor an investigator role," so no Defendant should have

been granted absolute immunity. *See* Pl. Br. at 15-16. This argument overlooks the fact that, in

making an immunity determination, the Court must first look to the conduct that forms the basis

for the plaintiff's cause of action, *see Fogle*, 957 F.3d at 161, not the *absence* of conduct.

In any case, the law on absolute immunity, as stated in *Roberts*, has remained consistent.

In its explanation of immunity for quasi-judicial roles, the *Roberts* court cited to cases from more

than thirty years ago—well before the inception of Poteat's underlying criminal case, or any final judgments in this Court. *See* 90 F.4th at 624-25 (citing cases). Moreover, to the extent Poteat takes issue with the Court's specific reasoning regarding sovereign immunity, state sovereign immunity, absolute prosecutorial immunity, or common law tort immunity, those analyses are fleshed out not in this Court's Opinion dismissing Poteat's case, but in the Third Circuit's Opinion affirming it on appeal. *See* ECF No. 54. This Court is unable to opine on the validity of the conclusions reached by the Court of Appeals and declines to attempt the same. No change in the law of immunity has been asserted, and no extraordinary circumstances have been demonstrated, which would warrant relief from judgment.

### D. *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve System* did not change the controlling statute of limitations.

Lastly, Poteat argues that all of his claims previously dismissed as time barred should be reinstated because they were within the statute of limitations. *See* Pl. Br. at 16-17. In support of this, he cites to *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve System*, for the proposition that "a cause of action is complete and present if all its elements exist." *See* Pl. Br. at 17 (citing 603 U.S. 799). Notwithstanding the inaptness of this quote, or the fact that *Corner Post* is a case brought under the Administrative Procedure Act, and thus not factually analogous to Poteat's case at all, the case discusses only the "default (six-year) statute of limitations for suits against the United States," 603 U.S. at 804 (citing 28 U.S.C. § 2401(a)), and thus does not change the law with regard to the two-year statute of limitations for Section 1983 claims brought in the Eastern District of Pennsylvania. *See* ECF No. 44 ("Claims brought under § 1983 are subject to the state statutes of limitations governing personal injury actions [and] [t]he Pennsylvania statute of limitations for personal injury actions, which is applicable in the instant case, is two years.") (citing *Moore v. Giorla*, 302 F. Supp. 3d 700, 706 (E.D. Pa. 2018) (citing *Garvin v. City of*

*Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003))). Hence, this argument also does not warrant Rule 60(b)(6) relief.

### E. Procedural Due Process

Poteat's Motion also mentions, incidentally, that "[i]n addition to changes in the controlling law, Rule 60(b)(6) relief is also appropriate where procedural due process rights have been violated." Motion ¶ 31. Poteat goes on to assert that this Court's "dismissal of claims, including those based on immunity and constitutional violations, occurred without adequate notice or opportunity for [Poteat] to address the evolving legal landscape." *Id.* Poteat does not explain *how* he was not given adequate notice of the Court's decisions; by contrast, the record seems to reflect that Poteat was made aware of the Court's Opinions in timely fashion, given his motions to reconsider, and appeals of, the same. Moreover, the Court is unaware of how (aside from granting Poteat an extension of time to respond to the motions to dismiss—which this Court did grant, on November 8, 2021, with respect to the motions to dismiss the Complaint, *see* ECF No. 28, and which Poteat did not request with respect to the motions to dismiss the Amended Complaint), Poteat was denied the opportunity to "address the evolving legal landscape." Poteat does not elaborate any further on this contention, and does not make any procedural due process arguments in his Memorandum of Law in Support of the Motion. *See* Pl. Br. Accordingly, the Court finds that, to the extent a due process argument is asserted, it does not warrant Rule 60(b) relief.

### F. Supplementation is permitted but the Court is precluded from considering Poteat's supplemental arguments regarding the handling of his appeals.

Lastly, Poteat has requested leave to supplement his Rule 60(b)(6) Motion, which the Court grants. Correspondingly, it has reviewed the arguments in the attached Supplemental Memorandum together with the Rule 60(b)(6) Motion, but declines to consider or discuss the

supplemental arguments on the merits, as this Court lacks jurisdiction to review decisions of the

United States Court of Appeals for the Third Circuit for error. *See* note 8, *infra*.

## VI.   CONCLUSION

Poteat's Rule 60(b)(6) Motion does not warrant relief from final judgment, because

Poteat has failed to point to a change in the controlling law on which this Court's decisions rest,

and has failed to explain how he believes his procedural due process rights were violated by

those decisions. The Court finds that no "extraordinary circumstances" exist which would justify

the reopening of a final judgment. The Motion for Leave to Supplement Pending Rule 60(b)(6)

Motion is granted, and the Second Amended Rule 60(b)(6) Motion for Relief is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge